Memorandum. The Court of Appeals customarily declines to review the type of discretion exercised by the intermediate appellate court in this case (People v. Evans, 26 N Y 2d 681; People v. Sanchez, 298 N. Y. 923; Cohen and Karger, Powers of the New York Court of Appeals, pp. 720-721, 745). The dismissal is not attributable to the defendant’s indigence, requiring us to relax the rule (People v. Pitts, 6 N Y 2d 288). Rather, the delay was due initially to the failure of the Public Defender to do anything to perfect the appeal and thereafter to his omission to invoke the simple remedy available to him to require filing of a return, and his insistence, instead, upon pursuing his mistaken contention that the appeal was governed by the CPL provisions authorizing a transcript rather than by the Code of Criminal Procedure. The fact that the attorney assigned to the case by the Public Defender advanced this mistaken legal theory *822 does not reflect the egregious lack of competent representation for which relief will be granted and no such ground is urged.
The order appealed from should be affirmed.