OPINION OF THE COURT
Joseph Harris, J.
Defendant appeals from a verdict of the Town of Coeymans Justice Court, sitting without jury, convicting him of speeding in violation of subdivision (b) of section 1180 of the Vehicle and Traffic Law.
The Justice Court has failed to file a return pursuant to CPL 460.10 (subd 3, par [d]) setting forth or summarizing the evidence, facts or occurrences in or adduced at the proceedings which resulted in the judgment, which constitute the factual foundation for the contentions alleged in the appellant’s affidavit of errors.
Although it would seem a simple proposition for the local Magistrate to be required to file the return without any further urging, it appears that the next procedural step requires the defendant to move the appellate court to compel *1013 the Magistrate to file the return (CPL 460.10, subd 3, par [e]); this the defendant has not done.
In People v Eldridge (31 NY2d 820), decided under the former Code of Criminal Procedure, the Court of Appeals affirmed the order of the Monroe County Court which dismissed an appeal on motion of the People for failure of the defendant-appellant to "invoke the simple remedy available to him to require filing of a return.”
The local Magistrate ought to have filed the return within 10 days after the appellant’s filing of the affidavit of errors with the local criminal court, without any further urging. The defendant-appellant ought to have moved this court for an order compelling the filing of the return, without any further urging. On too many occasions in criminal procedure the court finds neither side simply doing what they ought to do, without further urging. Yet the interest of justice is a concept that frequently must transcend procedural intransigence.
This is such a case. Accordingly, on its own initiative, and treating the defendant’s appeal as an application to compel the filing of the return, the court directs the Justice Court of the Town of Coeymans to file a return within 30 days from service upon it of this order; upon failure of the said Justice Court to file said return as above directed, the allegations of the affidavit of errors will be deemed admitted, and the court before which the appeal is pending may decide such appeal on the merits of the affidavit of errors alone. Upon the timely filing of the return, or the untimely failure to so file, the defendant-appellant shall file a new note of issue for the Special Term next following, and the appeal shall then proceed.
For the foregoing reasons the court does not at this time reach the merits of the appeal.