OPINION OF THE COURT
Mario M. Albanese, J.
Defendant-appellant brings motion in this appeal to vacate the judgment of conviction obtained in the Town Justice Court and for a dismissal of the information herein on the ground the Town Justice has failed to file a return as directed in a prior order of the appellate court.
The Assistant District Attorney, citing People v Greenbaum (104 Misc 2d 1012) contends that relief requested by defendant-appellant is not the appropriate remedy, but rather that the proper procedure is for the defendant-appellant to “file a new note of issue for the Special Term next following, and the appeal shall then proceed.”
People v Greenbaum (supra) was predicated upon a different backdrop. In Greenbaum, the Town Justice had not filed his return within 10 days after the filing of the affidavit of errors whereupon the appellate court is urged by the defendant-appellant, inferentially it seems, to decide the appeal on the merits. The appellate court, however, on its own initiative, treated the application as one to compel the Town Justice to file the return. The sanction for failure to do so, or untimely filing, would result in the appellate court’s considering the defendant-appellant’s af *991 fidavit of errors as admitted. That appellate court concluded the defendant-appellant should file a new note of issue for Special Term if the Town Justice failed to comply with the order to file the return.
In the instant case, the appellate court under its order of August 19, 1983, has already ordered the Town Justice to file a return within a specified time, which was not complied with; however, this order did not impose any sanctions whatever for failure to comply as was the case in Greenbaum (supra). Absent such sanctions, this appellate court is reluctant to grant defendant-appellant the relief requested especially considering that the order in question was drawn by the defendant-appellant and despite the consent of the People thereto. Notwithstanding the fact that failure to obey a court order may in itself be contemptuous, this court nevertheless holds that the interest of justice dictates that notice be, given of the consequences of the failure to file the return sought.
Accordingly, the Town Justice of the Town of Oppenheim is given 20 days upon receipt of this order to file his return, failure of which to do so will result in the affidavit of errors being treated as admitted.