OPINION OF THE COURT
Per Curiam.
The issue presented by this appeal arises from a gap in the statutory scheme for appeals from local criminal court judgments when the proceedings have not been stenographically recorded. In such a case, the defendant files a notice of appeal, accompanied or followed by an affidavit of errors that sets forth the defendant’s allegations concerning the errors in the local court proceeding (CPL 460.10 [3] [a]). In theory, the local court then responds by filing within 10 days a return with the appellate court to which the appeal has been taken; the return sets forth or summarizes the facts relevant to the defendant’s claims (CPL 460.10 [3] [d]). In addition, should the local court fail to timely file a return or file one that is defective in some respect, provision is made for the defendant to move the appellate court for an order directing the lower court to file or amend its return (CPL 460.10 [3] [e]). Absent from the Criminal Procedure Law, however, is any provision for what is to be done should the local court fail to respond to this order. That is the bone of contention between the parties here.
Prior to trial in Town Justice Court, defendant unsuccessfully sought, over the People’s objection, to have the proceedings recorded. Following his trial, defendant was convicted of third degree assault. Defense counsel properly served a notice of appeal and an affidavit of errors. The Town Justice who had tried defendant meanwhile retired, and a return on defendant’s affidavit was made by his successor. The return was filed with the County Clerk’s office, but neither defendant nor the People were served with copies, although the statute requires that to be done (CPL 460.10 [3] [d]). Defendant, unaware that a return existed, moved for an order directing *663 the filing of a return or for dismissal, and the County Court directed the Justice Court to file a return. No response was made.
Defendant then sought dismissal of the charges against him, for failure of the local court to satisfy the requirements of CPL 460.10 (3) (d). In his affirmation in support of the motion, defense counsel noted that he had by then examined the return filed with the County Clerk, but that in his view it was unresponsive to the errors alleged by defendant and therefore defective. The People opposed defendant’s motion for dismissal on the sole ground that CPL 460.10 did not provide for dismissal when no return had been filed. They argued that the appropriate remedy would be to direct an order specifically to the now-retired Town Justice who had tried the case to file a return, on pain of contempt. Neither party, in County Court or before us, in any way relied on the return that had been filed with the County Clerk’s office as compliance with the statutory mandate.
County Court held that "when a justice court fails to file a return, the allegations set forth in the affidavit of errors will be deemed admitted and the intermediate appellate court may decide the appeal on the merits as set forth in the affidavit of errors alone.” Following that procedure, County Court reversed defendant’s conviction and remanded the matter to Justice Court for further proceedings. We now affirm.
The People’s central contention on this appeal, is that County Court acted outside its power, because the Criminal Procedure Law does not authorize the course followed. Specifically, the People contend that it was an abuse of discretion to deem the allegations admitted before issuing yet another order informing the lower court of the consequences of continued failure to file a return (see, People v Hinkley, 121 Misc 2d 990; People v Greenbaum, 104 Misc 2d 1012).
We cannot accept the People’s theory that County Court was required to give the Town Justice warning that failure to comply with an order to file a return would result in admission of defendant’s allegations. The Criminal Procedure Law requires that a return be filed within 10 days of service of an affidavit of errors; it then provides for an order to issue in the instance — which should be rare — where the local court does not comply with its statutory obligation. That is sufficient. It is not incumbent upon an appellate court absent unusual circumstances not present here, to provide a further opportu *664 nity for the town trial court to fulfill its duty especially when the prosecutor has done nothing to advance the appeal. Whoever was at fault, it certainly was not the defendant, and he should not suffer because of this inaction on the part of State officials.
In the circumstances, we conclude that it was not an abuse of discretion for County Court to deem defendant’s allegations of error admitted. Having unsuccessfully sought to have the proceedings recorded, and then by two motions to secure compliance with the Criminal Procedure Law, defendant could have done nothing more to advance his appeal (contrast, People v Greenbaum, supra). In the absence of any statutory direction, County Court acted within its discretion in fashioning the remedy of deeming the allegations of error admitted. While generally a hearing should be provided, at which the People might present their legal arguments, here that step was unnecessary and the People did not seek that relief. Once defendant’s allegations were deemed admitted, reversal of the conviction and remand to the Town Justice Court followed because, as the lower court observed, on this record the admitted trial court errors could in no event have been deemed harmless.
Accordingly, the order of the County Court should be affirmed.