OPINION OF THE COURT
Memorandum.
Judgment of conviction reversed on the law, fine remitted, and simplified traffic information dismissed.
*66 Following a nonjury trial at which stenographic minutes were not taken, defendant was convicted of speeding, in violation of section 1180 (d) of the Vehicle and Traffic Law, for driving 84 miles per hour in a 65 mile-per-hour zone on Route 17 in Chester.
In view of the Justice Court’s failure to file an amended return pursuant to CPL 460.10 (3) as required by order of this court dated October 29, 2008, the allegations in defendant’s affidavit of errors are deemed admitted (see People v Feldes, 73 NY2d 661, 664 [1989]). Defendant asserts, and the record shows, that there was a 42-day delay in the rendering of a verdict. CPL 350.10 (3) (d) provides that in a single judge trial of an information or a simplified information (see CPL 340.10 [1]) in a local criminal court, after the introduction of evidence and the summations, if any, “[t]he court must then consider the case and render a verdict.” In People v South (41 NY2d 451, 454 [1977]), the Court of Appeals held that a judge must render the verdict within a reasonable time and “[w]hat will be ‘reasonable’ must, of course, turn largely on the circumstances of the individual case.” Noting that the matter before it was an assault in the third degree case involving a fight between schoolboys, the Court of Appeals stated, inter alia: “No complicated issues of fact were presented; no evidentiary questions remained to be resolved; there were no contested propositions of law; no post-trial submissions were sought or offered” (id.).
In these circumstances, the Court concluded “as a matter of law, that the delay of 58 days was unreasonable in this case. (Cf. People v O’Brien, 86 Misc 2d 139 [conviction of disorderly conduct in Village Court set aside where verdict by Village Justice was returned 35 days after the conclusion of the trial])” (41 NY2d at 455).
Applying the rationale of South and O’Brien to the circumstances of the case at bar, we deem the 42-day delay in the rendering of the verdict for this speeding case unreasonable.
In light of the foregoing, we do not pass upon the other contentions raised herein.
Accordingly, the judgment of conviction is reversed and the simplified information dismissed.
Rudolph, PJ, Molía and Scheinkman, JJ., concur.