The People of the State of New York, Respondent,
against
Najd Aljonubi, Appellant. 




Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from three judgments of conviction of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Debra Urbano-Disalvo, J.H.O.), rendered October 11, 2018. The judgments convicted defendant, after a nonjury trial, of speeding, failing to exercise due care to avoid colliding with a stopped emergency vehicle, and operating a motor vehicle with an expired inspection certificate, respectively, and imposed sentences.




ORDERED that the judgments of conviction are reversed, on the law and as a matter of discretion in the interest of justice, the simplified traffic informations are dismissed, and the fines, if paid, are remitted.
Defendant was charged in three separate simplified traffic informations with speeding (Vehicle and Traffic Law § 1180 [b]), failing to exercise due care to avoid colliding with a stopped emergency vehicle (Vehicle and Traffic Law § 1144-a [a]), and operating a motor vehicle with an expired inspection certificate (Vehicle and Traffic Law § 306 [b]), respectively. A nonjury trial was held on August 10, 2017 and May 31, 2018, at which a single witness testified. At the conclusion of the trial, defense counsel moved for a trial order of dismissal of two of the three charges based upon the prosecution's failure to make a prima facie case on each charge. The court reserved [*2]decision on both the motion and the verdicts and, in a written decision dated September 6, 2018, denied the motion and convicted defendant of the three charges. On October 11, 2018, before sentencing commenced, defense counsel represented that the written decision had been served upon neither him nor defendant and, on that date, immediately upon learning that the court had rendered its verdicts, defense counsel moved for the dismissal of the simplified traffic informations based upon the court's unreasonable delay in rendering them. The court denied the motion. 
On appeal, defendant contends, among other things, that the judgments of conviction should be reversed and the simplified traffic informations dismissed because there was an unreasonable delay in the court's rendering of the verdicts. We agree.
We note at the outset that a defendant must object to an extended delay by a court in rendering a verdict in order to preserve the issue for appellate review (see People v South, 41 NY2d 451, 454 [1977]; People v Francis, 189 AD2d 822 [1993]; People v Pellecier, 54 Misc 3d 137[A], 2017 NY Slip Op 50132[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). Although defendant in this case did not object when the court informed her it would reserve decision, prior to sentencing, her counsel, on her behalf, did move to dismiss the simplified traffic informations based upon this ground. Additionally, while the record demonstrates that defendant and her counsel acquiesced when the court indicated that it would reserve decision, it is " 'implausible' " that defendant would consent to more than a 90-day delay on a relatively simple case (People v Ransom, 63 Misc 3d 145[A], 2019 NY Slip Op 50670[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2019], quoting People v Chapman, 177 Misc 2d 551, 552 [App Term, 2d Dept, 9th & 10th Jud Dists 1998]). Thus, we are of the opinion that the issue can be considered preserved for appellate review (see People v Scott, 61 Misc 3d 129[A], 2018 NY Slip Op 51390[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]) but, in any event, we review it as a matter of discretion in the interest of justice (see Ransom, 63 Misc 3d 145[A], 2019 NY Slip Op 50670[U]; Pellecier, 54 Misc 3d 137[A], 2017 NY Slip Op 50132[U]).
A defendant in a nonjury trial is entitled to a verdict within a reasonable time (see CPL 350.10 [3] [d]; South, 41 NY2d at 453; Ransom, 63 Misc 3d 145[A], 2019 NY Slip Op 50670[U]; Pellecier, 54 Misc 3d 137[A], 2017 NY Slip Op 50132[U]). What constitutes a reasonable time for the rendering of a verdict depends on the specific circumstances of each case (see South, 41 NY2d at 454 ["What will be 'reasonable' must, of course, turn largely on the circumstances of the individual case. There will come a point, however, beyond which delay becomes unreasonable as a matter of law"]; Ransom, 63 Misc 3d 145[A], 2019 NY Slip Op 50670[U]; Pellecier, 54 Misc 3d 137[A], 2017 NY Slip Op 50132[U]). Here, regardless of whether measured from May 31, 2018 to September 6, 2018, the date of the written decision, i.e., a 98-day delay, or from May 31, 2018 to October 11, 2018, the date that the written decision was served upon defendant, i.e., a 133-day delay, we find that it was unreasonable for the court to have taken that long to render its verdicts and issue its written decision (see e.g. South, 41 NY2d 451 [a 58-day delay in rendering a guilty verdict for assault in the third degree considered unreasonable]; People v Sabino, 39 Misc 3d 127[A], 2013 NY Slip Op 50417[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013] [a 79-day delay in rendering a guilty verdict for driving while intoxicated considered unreasonable]; People v Morgan, 30 Misc [*3]3d 52 [App Term, 2d Dept, 9th & 10th Jud Dists 2010] [a 72-day delay in rendering a guilty verdict for driving while intoxicated and leaving the scene of an incident without reporting considered unreasonable]; People v Malone, 22 Misc 3d 65 [App Term, 2d Dept, 9th & 10th Jud Dists 2009] [a 42-day delay in rendering a guilty verdict for speeding considered unreasonable]). Granted that, in addition to rendering verdicts, the court had to decide defendant's motion for a trial order of dismissal (see Scott, 61 Misc 3d 129[A], 2018 NY Slip Op 51390[U]; Pellecier, 54 Misc 3d 137[A], 2017 NY Slip Op 50132[U]), which was addressed to two of the three charges, nonetheless, neither in its written decision convicting defendant nor in its return on appeal in response to defendant's affidavit of errors, did the court provide an explanation for its unreasonable delay in rendering its verdicts convicting defendant of three traffic infractions, and its decision did not disclose any complex issue that needed to be determined. Moreover, this court can discern no such explanation from the record.
In light of our determination, we need not pass on defendant's other contentions.
Accordingly, the judgments of conviction are reversed and the simplified traffic informations are dismissed.
GARGUILO, J.P., ADAMS and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 14, 2020