OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, without costs.
On February 24 and March 8, 1995, relator was arraigned on two accusatory instruments containing numerous charges, *960 some of which were corroborated by nonhearsay allegations. Each instrument included at least one uncorroborated charge. Relator instituted two habeas corpus petitions, seeking release pursuant to CPL 170.70 on the ground that the People failed to corroborate each and every charge within five days after his confinement. Supreme Court denied relator’s petitions, concluding that because at least one count of each complaint was adequately supported, defendant need not be released. The Appellate Division affirmed, as do we.
CPL 170.70, which was “designed to assure that defendants are not held in custody for more than a brief period on the basis of hearsay allegations” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 170.70, at 116), requires, upon motion, release of a defendant detained for more than five days where “a misdemeanor complaint is pending * * * without any information having been filed.”. Here, each accusatory instrument satisfied the requirements of an information and from its inception could have been the basis for prosecution of a criminal action (see, CPL 100.15, 100.40 [1] [facial sufficiency of information “or a count thereof’]). Thus, in each criminal proceeding, relator was not improperly held solely on the basis of hearsay allegations.
Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
Order affirmed, without costs, in a memorandum.