[835 NE2d 325, 801 NYS2d 557]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JOHNSON, Appellant.

Argued June 7, 2005; decided June 30, 2005

**APPEARANCES OF COUNSEL**

*Laura R. Johnson*, New York City (*Martin M. Lucente* of counsel), for appellant.

*Robert T. Johnson, District Attorney*, Bronx (*William K. Clark* and *Joseph N. Ferdenzi* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Term should be affirmed.

By felony complaint, defendant was charged with one felony count of intimidating a victim or witness in the third degree

and two counts each of the following misdemeanors: harassment, aggravated harassment and criminal contempt (all in the second degree). The prosecution moved to dismiss the felony charge, leaving only the misdemeanors. The court dismissed the felony charge without making any statement on the record as to the reason. Thereafter, defendant pleaded guilty to criminal contempt in the second degree and was sentenced to 60 days in jail. The Appellate Term affirmed, and a Judge of this Court granted defendant leave to appeal.

We agree with the Appellate Term that CPL 180.50 is not applicable here. That provision requires that before permitting reduction of a felony charge to a misdemeanor, the court conduct an inquiry to determine whether the available facts and evidence provide a basis for charging a nonfelony offense (*see People v Yolles*, 92 NY2d 960 [1998]). Here, however, the felony charge was not reduced, it was dismissed altogether, and defendant pleaded guilty to a separately charged misdemeanor. Under the circumstances, no CPL 180.50 inquiry was required.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed in a memorandum.