SUMMARY ORDER

Appellant Steven Clark, pro se, appeals from a judgment of the United States District Court for the District of Connecticut (Martinez, M.J.) entering summary judgment in favor of defendants Frederick Levesque, Lynn Milling, Brian Murphy, and John Armstrong on Clark’s 42 U.S.C. § 1983 complaint alleging violations of his rights under the First, Eighth, and Fourteenth Amendments, as well as the Religious Land Use and Institutionalized Persons Act of 2000 (“RLUI-PA”). We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
We review the entry of summary judgment de novo, and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.2003). If an opposing party fails to respond to a summary judgment motion, the district court must still determine whether the moving party satisfied its burden of production. See Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir.2004).
Despite receiving two extension to file opposition papers, Clark failed to file any materials in the district court, and we will not consider opposition documents submitted for the first time on appeal. See Fed. R.App. P. 10(a)(1) (limiting record on appeal to the original papers and exhibits filed in the district court). Accordingly, we review the district court’s entry of summary judgment by reference only to the documents properly filed in the district court.
“[PJersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.” Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir.1995) (internal quotation marks omitted). The doctrines of respondeat superior and vicarious liability are therefore inapplicable in Section 1983 actions. See Collins v. City of Harker Heights, 503 U.S. 115, 121, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992).
Here, the record contains no evidence suggesting that any of the defendants was personally involved in the conduct that forms the basis of Clark’s complaint. And because Clark was transferred back to Connecticut shortly after complaining to the defendants about his treatment in Virginia, no reasonable trier of fact could conclude that the defendants exhibited deliberate indifference. The defendants are therefore entitled to summary judgment on Clark’s constitutional damages claims.
With regard to Clark’s RLUIPA claim, the statutory rights he seeks to vindicate were not well-established at the time of the challenged conduct. See Cutter v. Wilkinson, 544 U.S. 709, 718, 125 *95 S.Ct. 2113, 161 L.Ed.2d 1020 (2005) (“We granted certiorari to resolve the conflict among Courts of Appeals on the question whether RLUIPA’s institutionalized-persons provision, § 3 of the Act, is consistent with the Establishment Clause of the First Amendment.”). And because the statutory rights were not well-established, the defendants are entitled to qualified immunity whether or not their conduct would in fact have violated RLUIPA. See Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) (“[Gjovernment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.”).
We have reviewed Clark’s remaining arguments and find them to be without merit. Accordingly, we hereby AFFIRM the judgment of the district court.