Brian ROSNER, Receiver for International Financial Services (New York), Inc., International Financial Services (New York), LLC, John Walker Robinson, Chan Kow Lai, also known as Wilson Lai, and Sociedade Comercial Siu Lap Limitada, Plaintiff–Appellant,

v.

BANK OF CHINA, Defendant–Appellee.

No. 09–0333–cv.

United States Court of Appeals, Second Circuit.

Oct. 21, 2009.

Brian Rosner, Rosner & Napierala, LLP (New York, NY), for Plaintiff–Appellant.

Pamela Rogers Chepiga, (Lanier Saperstein, Josephine A. Cheatham, on the brief), Allen & Overy LLP (New York, NY), for Defendant–Appellee.

PRESENT: WILFRED FEINBERG, DEBRA ANN LIVINGSTON, Circuit Judges, and JOHN G. KOELTL,* District Judge.

## SUMMARY ORDER

Plaintiff–Appellant Brian Rosner appeals from a judgment of the United States District Court for the Southern District of New York (Marrero, *J.*) entered December 18, 2008, dismissing his complaint against Defendant–Appellee the Bank of China ("BOC") for failure to state a claim upon which relief can be granted and for failure to plead fraud with particularity. Rosner is the court-appointed Permanent Equity Receiver for International Financial Services (New York), Inc. ("IFS") and other entities that were found to have engaged in fraudulent sales of investments in overseas currency trades in a civil enforcement proceeding brought by the Commodity Futures Trading Commission. *See CFTC v. Int'l Fin. Servs. (N.Y.), Inc.*, 323 F.Supp.2d 482, 499–503 (S.D.N.Y. 2004). Rosner brought this action against BOC alleging claims of aiding and abetting common law fraud and commercial bad faith in BOC's processing of bank transactions that were a part of IFS's fraudulent scheme. We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issues on appeal.

■ We review de novo a dismissal of a complaint under Rule 12(b)(6). *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir.1997). "When we review the grant of a motion to dismiss under Rule 9(b) or Rule 12(b)(6), we accept as true the factual allegations of the complaint, and draw all inferences in favor of the pleader." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir.1993). We cannot make inferences unsupported by the facts alleged in the complaint, however: "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

■ To state a claim for aiding and abetting fraud under New York law, a plaintiff must show 1) the existence of a fraudulent scheme, 2) that the defendant had actual knowledge of the fraud, and 3) that the defendant provided substantial assistance to the fraudulent scheme. *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 292 (2d Cir.2006). We find that Rosner has not alleged under any theory that BOC had actual knowledge of IFS and Siu Lap's fraudulent scheme and therefore affirm the district court's judgment dismissing this claim. To the extent Rosner attempts to re-argue any of the five theories of actual knowledge raised in his Second Amended Complaint ("Complaint"), Compl. ¶¶ 89–94, we agree substantially with the reasoning set forth in the district court's opinion that these theories lack merit.

■ Rosner argues on appeal a somewhat different theory of BOC's actual knowledge of the fraudulent scheme: based on his analysis of transaction records, Rosner now argues that BOC had actual knowledge that Siu Lap was a "bogus currency trading company" and "a shell company" that was engaged in money laundering at BOC's Macau branch; that

* The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

BOC–Macau had actual knowledge of this money laundering; and that this knowledge constitutes actual knowledge of the fraudulent scheme.[1] We are not persuaded. Even if BOC had reason to suspect that Siu Lap was laundering money, this does not mean that BOC had actual knowledge of the fraudulent scheme perpetrated by IFS and Siu Lap. No facts alleged in the Complaint indicate why BOC knew that the money Siu Lap was receiving into its company account was the proceeds of a fraud committed by a different entity, the sale of investments in currency trades to investors through false and misleading statements. *See CFTC v. Int'l Fin. Servs. (N.Y.), Inc.*, 323 F.Supp.2d at 499–500 (describing the fraud committed by IFS on its investors); *cf. Lerner*, 459 F.3d at 293.

The cases on which Rosner relies do not change this analysis, and in fact demonstrate the factual deficiencies in Rosner's own complaint. In *Wight v. BankAmerica Corp.*, 219 F.3d 79 (2d Cir.2000), this Court found that the plaintiff had properly alleged that the defendant had actual knowledge of a fraudulent scheme because the bank's employees had "longstanding personal ties" to the parties to the fraud, *id.* at 82, and a bank employee testified that he *knew* that the parties to the fraud were "shell" companies, *id.* at 92. Rosner, by contrast, provides no factual support whatsoever for his allegation that Siu Lap was a "shell company," and the Complaint alleges no facts that would suggest that any BOC employee knew anything about Siu Lap or IFS other than through Siu Lap's transactions with the bank. In *Mazzaro*

*de Abreu v. Bank of America Corp.*, 525 F.Supp.2d 381 (S.D.N.Y.2007), the court found that the plaintiff had properly alleged that the bank defendants had actual knowledge of fraud because, among other reasons, they made transfers to "entities [they] *knew* were black market currency traders." *Id.* at 389 (internal quotation marks omitted) (emphasis added). Finally, in *Prudential–Bache Securities, Inc. v. Citibank, N.A.*, 73 N.Y.2d 263, 539 N.Y.S.2d 699, 536 N.E.2d 1118 (1989), the court found that the plaintiff had properly alleged that Citibank had actual knowledge of the fraud, sufficient for a claim of commercial bad faith, because two of its employees participated in the scheme and knew of the illegal conduct. *Id.* at 1126. Rosner alleges no analogous facts.

At bottom, the facts alleged in Rosner's complaint only go so far as to suggest that BOC *should* have known that something was amiss with Siu Lap's transactions, Rosner's conclusory statements on appeal that BOC *actually* knew something notwithstanding. As the district court held, such a showing is insufficient to support an aiding-and-abetting claim under New York law. *See, e.g., Chemtex, LLC v. St. Anthony Enters., Inc.*, 490 F.Supp.2d 536, 546–47 (S.D.N.Y.2007); *Nigerian Nat'l Petroleum Corp. v. Citibank, N.A.*, No. 98 Civ. 4960, 1999 WL 558141, at *1–2, 7–8 (S.D.N.Y. July 30, 1999) (noting that bank's knowing disregard of several indications of fraud, including transfer of funds from a company's account to a personal account, did not amount to bank's having actual knowledge of the fraudulent

---

**1.** We express considerable doubt as to whether this theory of BOC's actual knowledge, or several of its factual predicates, was properly raised by Rosner before the district court. For example, the complaint contains no allegation at all that Siu Lap was a "shell compa-

ny," a charge that Rosner stresses in this Court. Because we find that, even under this new theory, Rosner has failed to plead actual knowledge, we need not conclusively resolve whether Rosner's theory was sufficiently raised before the district court.

scheme); *Prudential–Bache*, 539 N.Y.S.2d 699, 536 N.E.2d at 1125–26 (A "lapse of [a bank's] wary vigilance ... or even suspicious circumstances which might well have induced a prudent banker to investigate" are "insufficient to state a cause of action against a depositary bank.") (quotation marks and citations omitted).

Because Rosner has failed to allege sufficient facts to support the inference that BOC had actual knowledge of the fraudulent scheme, the district court properly dismissed Rosner's aiding-and-abetting claim. Given our determination that Rosner has not satisfied the "actual knowledge" requirement of this claim, we need not address whether BOC's activities constituted "substantial assistance" in the fraudulent scheme. Because a "commercial bad faith" claim under New York law likewise requires a plaintiff to show actual knowledge of the fraudulent scheme, *see Wight*, 219 F.3d at 91, the district court properly dismissed that claim as well. We have considered all of Rosner's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby affirmed.