Michael A. WOODWARD, Plaintiff,

v.

Robert M. MORGENTHAU,
et al., Defendants.

No. 09 Civ. 1926 (VM).

United States District Court,
S.D. New York.

Aug. 9, 2010.

Michael A. Woodward, Freedom House III, Bronx, NY, pro se.

Susan C. Roque, New York County District Attorney's Office, Kathleen Erin Naughton, New York City Law Department, New York, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiff Michael Woodward ("Woodward") brings this action under 42 U.S.C. § 1983 ("§ 1983") seeking money damages against defendants New York County District Attorney Robert M. Morgenthau ("Morgenthau"), unnamed Assistant District Attorney "John Doe" (the "ADA"), Commissioner of New York City Department of Corrections (the "Commissioner"), New York City Department of Corrections ("Department of Corrections"), Mayor of the City of New York (the "Mayor"), and the City of New York (the "City") (collectively, "Defendants").

Woodward, acting pro se, alleges cruel and unusual punishment, loss of liberty, and deprivation of due process in violation of the Eighth and Fourteenth Amendments of the United States Constitution, arising out of a forty-seven day period of incarceration. He seeks compensatory relief as well as punitive damages for the alleged violations. Defendants now move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Rule 12(c)"). For the reasons

stated below, the Court GRANTS Defendants' motion.

## I. BACKGROUND [1]

### A. FACTUAL BACKGROUND

On August 2, 2008, Woodward was arrested for petit larceny, criminal possession of stolen property, and criminal possession of a controlled substance after an employee observed him and his friend Herbert Washington ("Washington") stealing merchandise from an American Apparel store in Manhattan. After Woodward and Washington attempted to exit the store, Woodward was found in possession of store merchandise, which he had not paid for. Woodward was also found in possession of drug paraphernalia allegedly containing crack or cocaine in a pouch that he was wearing around his neck.

Woodward and Washington were arraigned on August 3, 2008 on charges of criminal possession of stolen property and petit larceny, and bail was set for Woodward in the amount of a $3,000 bond over $2,000 cash. Washington agreed to plead guilty in exchange for a thirty-day sentence at arraignment and was released thirty days later. Woodward did not accept a plea offer at arraignment and was unable to make bail. He was therefore remanded to jail on Rikers Island until his next court appearance.

On August 8, 2008, Woodward was represented in absentia by counsel at a court hearing in New York County Criminal Court because of another pending court proceeding in Queens County, and the New York County case was adjourned until September 17, 2008, while laboratory results were obtained for the controlled substance found on him at the time of his arrest. On September 17, 2008, forty-seven days after Woodward's arrest, the controlled substance count was dismissed because the laboratory results were not yet completed, and Woodward pleaded guilty to the charge of petit larceny.[2] He received a jail sentence of thirty days, and was released after having satisfied his sentence. His total time spent in jail was forty-seven days.

### B. PROCEDURAL HISTORY

Woodward brought this action on March 3, 2009 under § 1983, alleging that any time he spent in jail in excess of his thirty-day sentence violated his constitutional rights. On November 30, 2009, Morgenthau moved to dismiss Woodward's claims against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). By Order dated March 22, 2010, the Court granted Morgenthau's motion.

■ An initial conference was held among the remaining parties on April 19, 2010 before Magistrate Judge Frank Maas, to whom this case was referred for pretrial proceedings.[3] By letter dated

---

**1.** The facts below are taken from the amended complaint, (the "Complaint") and the documents attached to it or incorporated by reference. The Court accepts these facts as true for the purposes of ruling on a motion pursuant to Rule 12(c). *See Byrd v. City of New York*, No. 04 Civ. 1396, 2005 WL 1349876, at *1 (2d Cir. June 8, 2005). Unless specifically referenced, no further citation to these sources will be made.

**2.** There is no indication in the record of what became of the possession of stolen property charge and the Court therefore will not address it further.

**3.** Woodward also brings claims against the ADA, without identifying him by name. Since Woodward has not perfected service on the ADA, the Court dismisses without prejudice all claims against the ADA under Rule 4(m) of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 4(m). The Court notes, howev-

May 7, 2010, the remaining Defendants—the Commissioner, the Department of Corrections, the Mayor, and the City—requested a pre-motion conference regarding a Rule 12(c) motion for judgment on the pleadings, indicating that their motion would be based on the following facts: (1) the Commissioner and the Mayor had no personal involvement in any of Woodward's purported claims; (2) Woodward cannot allege claims against the City because he cannot and did not allege a policy or custom of the City that caused a deprivation of his constitutional rights as required by *Monell v. Department of Social Services,* 436 U.S. 658, 689–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); and (3) Woodward chose to plead guilty to the charge of petit larceny in exchange for a sentence of thirty days on September 17, 2008, which was approximately 47 days after his arrest. By endorsement dated May 10, 2010, the Court construed this letter to be Defendants' motion for judgment on the pleadings under Rule 12(c), and directed Woodward to respond to Defendants' motion by June 15, 2010.

Woodward submitted a letter in opposition dated June 15, 2010, essentially reiterating the allegations contained in the Complaint and requesting additional state court documents. By order dated June 18, 2010, Judge Maas denied Woodward's request for additional documents, explaining that a motion for judgment on the pleadings is typically decided without discovery, and that he was not aware of any disputed facts in this case. Judge Maas therefore denied Woodward's letter to the extent that it constituted a request for discovery rather than an opposition to Defendants'

motion. Woodward has not submitted any further opposition to Defendants' motion.

For the reasons stated below, the Court grants Defendants' motion for judgment on the pleadings.

## II. DISCUSSION

### A. LEGAL STANDARD

#### 1. *Rule 12(c) Motion for Judgment on the Pleadings*

The standard of review for a motion for judgment on the pleadings pursuant to Rule 12(c) is the same as that for a Rule 12(b)(6) motion to dismiss. *See Patel v. Contemporary Classics of Beverly Hills,* 259 F.3d 123, 126 (2d Cir.2001); *Accelecare Wound Ctrs., Inc. v. Bank of N.Y.,* No. 08 Civ. 8351, 2009 WL 2460987, at *4 (S.D.N.Y. Aug. 11, 2009). In reviewing such a motion, courts must "accept as true the factual allegations of the complaint, and draw all inferences in favor of the pleader." *Rosner v. Bank of China,* 349 Fed.Appx. 637, 638 (2d Cir.2009). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955.

#### 2. *Pro Se Pleadings*

The Court notes that Woodward is proceeding pro se, and accordingly his sub-

---

er, that an ADA enjoys absolute immunity for any action taken within the scope of and in furtherance of his official duties. *See Wilson v. Layne,* 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999); *Ayers v. Ryan,* 152

F.3d 77, 82 (2d Cir.1998). Therefore, unless Woodward is able to assert cognizable federal claims against the ADA, he should bring any such claims in New York state court.

missions should be held to "less stringent standards than formal pleadings drafted by lawyers." *Ferran v. Town of Nassau,* 11 F.3d 21, 22 (2d Cir.1993) (*quoting Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). The Court, moreover, must liberally construe Woodward's pro se complaint and interpret it "to raise the strongest arguments that [it] suggests." *Weixel v. Board of Educ.,* 287 F.3d 138, 146 (2d Cir.2002) (citation and internal quotation marks omitted). This standard applies with particular force when the plaintiff's civil rights are at issue. *See McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir.2004).

Pro se status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Boddie v. New York State Div. of Parole,* 285 F.Supp.2d 421, 426 (S.D.N.Y. 2003) (*quoting Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983)). Thus, even pro se plaintiffs asserting civil rights claims are not exempt from *Twombly* 's requirement that the pleadings contain factual allegations sufficient to raise a "right to relief above the speculative level." 550 U.S. at 555, 127 S.Ct. 1955.

### 3. *Section 1983*

To state a claim under § 1983, Woodward must show that, while acting under color of state law, Defendants deprived him of his federal constitutional or statutory rights. *See Pabon v. Wright,* 459 F.3d 241, 249 (2d Cir.2006).

## B. *APPLICATION*

### 1. *Woodward's § 1983 Claims*

Construing the Complaint in the light most favorable to Woodward, he appears to assert the following constitutional claims arising out of the seventeen days he spent in confinement in excess of his thirty-day

sentence: (1) deprivation of due process in violation of the Fourteenth Amendment; (2) cruel and unusual punishment in violation of the Eighth Amendment; (3) violation of his right to a speedy trial under the Sixth Amendment; and (4) malicious prosecution against Defendants, arguing that his non-production in New York County Criminal Court on August 8, 2008 was intentional and motivated by malice. Upon review of Woodward's claims, the Court finds that he fails to allege sufficient facts to assert any plausible claim for relief and therefore grants Defendants' motion for judgment on the pleadings.

### 2. *Personal Involvement*

The Court finds that Woodward's claims against the Mayor and the Commissioner fail since Woodward has not alleged any facts indicating that either of these defendants was personally involved in the alleged violations. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farrell v. Burke,* 449 F.3d 470, 484 (2d Cir.2006) (citation and internal quotation marks omitted). Here, Woodward does not allege any facts plausibly indicating that either the Mayor or the Commissioner were personally involved in the alleged violations arising from his arrest, prosecution, or incarceration.

Insofar as Woodward seeks to hold the Mayor and the Commissioner liable in a supervisory capacity, his claims still fail. "The doctrines of respondeat superior and vicarious liability are [ ] inapplicable in Section 1983 actions." *Clark v. Levesque,* 336 Fed.Appx. 93, 94 (2d Cir.2009). Accordingly, Woodward's claims against the Mayor and the Commissioner are dismissed.

### 3. *Qualified Immunity*

■ The Court further notes that even if Woodward had plausibly alleged personal involvement, his claims against the Defendants would fail under the doctrine of qualified immunity. The doctrine of qualified immunity shields government officials performing discretionary functions from liability for civil damages under federal claims insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Wilson v. Layne,* 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999); *Ayers v. Ryan,* 152 F.3d 77, 82 (2d Cir.1998); *see also Pearson v. Callahan,* 555 U.S. 223, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009) (allowing courts to consider substantive constitutional violations before analyzing whether a clearly established right has been violated "in light of the circumstances in the particular case at hand."). Here, Woodward has not alleged sufficient facts to plausibly state a violation of any clearly established constitutional rights under the Sixth, Eighth, or Fourteenth Amendments.

#### a. *Speedy Trial*

■ Even if the Court were to construe Woodward's Fourteenth Amendment claim as a Sixth Amendment claim of a speedy trial violation, the Court is not persuaded that Woodward has stated a viable cause of action. *See Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Considering the four factors enumerated by the Supreme Court in *Barker,* this Court finds that the forty-seven day delay, even while Woodward was incarcerated, is a much shorter delay than in many other cases where no speedy trial violation was found. *See Jackson v. Marshall,* No. 04 Civ. 3915, 2008 WL 800745 (S.D.N.Y. March 25, 2008) (finding no speedy trial violation for a misdemeanor after a four-

teen-month delay); *Flowers v. Warden, Conn. Corr. Inst., Somers,* 853 F.2d 131, 132–34 (2d Cir.1988) (finding no speedy trial violation from a seventeen-month delay and citing cases in which the Second Circuit came to the same result after delays ranging from twenty-one months to six years). Additionally, besides incarceration, the Court finds that Woodward suffered no prejudice as a result of the delay between arrest and disposition; in fact, one charge was dismissed as a result of the State's inability to obtain laboratory results. Accordingly, the Court finds no Sixth Amendment violation.

#### b. *Cruel and Unusual Punishment*

■ Additionally, Woodward's Eighth Amendment claim for cruel and unusual punishment fails since "the 'cruel and unusual punishment' proscription of the Eighth Amendment to the Constitution does not apply [to pretrial confinement]" because "as a pre-trial detainee [the plaintiff is] not being 'punished.'" *Caiozzo v. Koreman,* 581 F.3d 63, 69 (2d Cir.2009) (*quoting Cuoco v. Moritsugu,* 222 F.3d 99, 106 (2d Cir.2000)); *see also Bell v. Wolfish,* 441 U.S. 520, 536–37, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). The Court notes that Woodward has not alleged any violations relating to the conditions of his confinement, and that the incarceration itself is the sole basis of his claim. *See Bell,* 441 U.S. at 536–37, 99 S.Ct. 1861 (holding that the government may detain a defendant before trial in order to ensure his presence at trial, as long as the conditions and restrictions do not amount to punishment or otherwise violate the defendant's due process rights or other Constitutional provisions). The Court is therefore not persuaded that Woodward has stated a plausible Eighth Amendment violation, or any other violation related to the conditions of his confinement.

### c. Malicious Prosecution

■ Woodward brings a claim of malicious prosecution under § 1983 against Defendants based on the seventeen days of confinement in excess of his thirty-day sentence. The Supreme Court has held that only violations of the Fourth Amendment can support § 1983 claims for malicious prosecution under federal law. *See Albright v. Oliver*, 510 U.S. 266, 274–75, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). This Fourth Amendment right is "the right to be free of unreasonable seizure of the person—i.e., the right to be free of unreasonable or unwarranted restraints on personal liberty." *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 116 (2d Cir.1995). Thus, "considered in tandem, *Singer* and *Albright* stand for the proposition that to sustain a § 1983 malicious prosecution claim, there must be a seizure or other 'perversion of proper legal procedures' implicating the claimant's personal liberty and privacy interests under the Fourth Amendment." *Washington v. County of Rockland*, 373 F.3d 310, 316 (2d Cir.2004) (*quoting Singer*, 63 F.3d at 117).

■ The Court notes that when an individual is prosecuted on multiple criminal charges, and some of those charges are resolved in favor of the defendant, a conviction on one charge does not prohibit a malicious prosecution claim on other charges that were resolved in the defendant's favor. *See Janetka v. Dabe*, 892 F.2d 187, 190 (2d Cir.1989); *Ostroski v. Town of Southold*, 443 F.Supp.2d 325, 336 (E.D.N.Y.2006) ("The Second Circuit has noted that a conviction on one claim does not necessarily absolve liability under § 1983 for malicious prosecution as to other criminal charges which were resolved favorably to plaintiff."). However, while there may be circumstances in which a malicious prosecution claim can proceed where some of the charges were tainted and others were not, Woodward's claims do not present such a case.

■ Even when construed in the light most favorable to Woodward, the allegations in the Complaint do not amount to "unreasonable or unwarranted restraints on personal liberty," or "perversion of proper legal procedures." *Singer*, 63 F.3d at 116–17. For a defendant to be confined after arrest, a judicial officer must review the arrest for probable cause within forty-eight hours. *See County of Riverside v. McLaughlin*, 500 U.S. 44, 63–64, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). Here, Woodward was arraigned the day following his arrest, which suggests probable cause was reviewed within a similar period of time. Since Woodward presents no facts indicating that probable cause for his arrest was not reviewed within forty-eight hours, as required under the Fourth Amendment, the Court will not address this issue further.

Woodward's subsequent confinement was based on a misdemeanor complaint that was timely corroborated pursuant to New York State Criminal Procedure Law § 170.70. *See* N.Y. Criminal Procedure Law § 170.70; *see also People ex rel. Ortiz v. Comm'r of N.Y. City Dept. of Corr.*, 93 N.Y.2d 959, 960, 694 N.Y.S.2d 340, 716 N.E.2d 175 (1999) (defining an uncorroborated misdemeanor complaint as one that is pending without any information having been filed within five days).

Woodward has not alleged facts suggesting that his confinement after being arraigned on charges of possession of stolen property and petit larceny was without probable cause or constituted an "unwarranted restraint on personal liberty" within the meaning of the Fourth Amendment. Upon arraignment on August 3, 2008, Woodward did not accept a plea agreement, failed to make bail, and was thus confined until a hearing on September 17,

2008, when he voluntarily pleaded guilty to petit larceny and the court dismissed the controlled substance charge against him. Woodward was immediately released on that date since he was found to have sufficiently served his sentence. Accordingly, the Court finds that Woodward fails to state a claim of malicious prosecution under § 1983 and grants Defendants' motion to dismiss.

### 4. *Municipal Liability*

■ Woodward brings a § 1983 claim against the City and the Department of Corrections, a municipal agency of the City. A plaintiff is generally prohibited from suing a municipal agency; instead, the City is the proper defendant when a plaintiff seeks to bring an action pursuant to the official acts and/or inaction of its municipal agency. *See Ximines v. George Wingate High Sch.,* 516 F.3d 156, 160 (2d Cir.2008) (per curiam); *see also Walker v. Shaw,* No. 08 Civ. 10043, 2010 WL 2541711, at *4 (S.D.N.Y. June 23, 2010) (dismissing plaintiff's § 1983 claims against the Department of Corrections as a threshold matter, since it is a non-suable entity); N.Y. City Charter, Ch. 17 § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency. . . ."). As a result, the Court finds that the Department of Corrections, as an agency of the City, is not a suable entity and dismisses Woodward's claims against it.

Additionally, the Court dismisses Woodward's claims against the City. In *Monell,* the Supreme Court explicitly included municipalities among the "persons to whom § 1983 applies." 436 U.S. at 690, 98 S.Ct.

2018. This exposure is limited, however, as "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Id.* at 691, 98 S.Ct. 2018. In order to be held liable for a constitutional violation, a municipality must have adopted a policy or custom that caused a deprivation of constitutional rights, or it must have directly caused an employee to violate another's constitutional rights. *See id.* at 692, 98 S.Ct. 2018.

■ Here, Woodward has failed to allege sufficient facts to support an inference that such a municipal policy or custom resulted in a deprivation of his rights. Nor has Woodward asserted that the City directly caused an employee to violate his rights. As a result, the Court finds that Woodward's claims against the City must be dismissed.

### C. *STATE LAW CLAIMS*

■ In his Complaint, Woodward alleges the common law torts of negligence and malfeasance. Where federal claims in an action premised on federal question jurisdiction "are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Castellano v. Board of Trustees,* 937 F.2d 752, 758 (2d Cir.1991). Accordingly, because the Court has dismissed all of Woodward's federal claims brought under § 1983, it declines to exercise supplemental jurisdiction over any state law claims pleaded in the Complaint. *See* 28 U.S.C. § 1367(c)(3); *see also Nunez v. Goord,* No. 99 Civ. 4640, 2002 WL 1162905, at *2 (S.D.N.Y. June 3, 2002).[4]

---

**4.** Nothing about this Court's dismissal here precludes Woodward from bringing state law claims in state court.

## D.  LEAVE TO REPLEAD

█ Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); see Slayton v. Am. Express Co., 460 F.3d 215, 226 n. 10 (2d Cir.2006). "[W]hether to permit a plaintiff to amend its pleadings is a matter committed to the Court's sound discretion." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir.2007) (quotation marks omitted). Accordingly, " '[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead.' " Vacold LLC v. Cerami, No. 00 Civ. 4024, 2002 WL 193157, at *6 (S.D.N.Y. Feb. 6, 2002) (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir.1991)). This practice extends to motions for judgment on the pleadings brought pursuant to Rule 12(c). See Maharishi Hardy Blechman Ltd. v. Abercrombie & Fitch Co., 292 F.Supp.2d 535, 555 (S.D.N.Y.2003) (noting that courts routinely grant leave to replead following judgment on the pleadings unless doing so would be futile).

█ The Court notes, however, that leave to replead is not required if there are defects in a plaintiff's complaint that are incurable. See Greene v. WCI Holdings Corp., 956 F.Supp. 509, 516 (S.D.N.Y. 1997); see also Cortec Indus., 949 F.2d at 47–48 ("[W]here a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice") (per curiam). Here, the Court notes that Woodward's claims fail as a matter of law, and therefore finds that any leave to replead would be futile. The Court is not persuaded that, even if granted further leave, Woodward would be able to cure the deficiencies identified herein. Woodward's claims against the Mayor, the Commissioner, the Department of Correc-tions, and the City are therefore dismissed with prejudice.

## III.  ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 24) of the City of New York, the Commissioner of the New York City Department of Corrections, the New York City Department of Corrections, and the Mayor of the City of New York for judgment on the pleadings is GRANTED; and it is further

**ORDERED** that Michael Woodward's claims against the unnamed Assistant District Attorney "John Doe" are dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure.

The Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**