**Jermaine NIBBS, Plaintiff,**

v.

**The CITY OF NEW YORK, et al., Defendants.**

**No. 10 civ. 3799(VM).**

United States District Court, S.D. New York.

Aug. 4, 2011.

Gerald M. Cohen, Cohen & Fitch LLP, New York, NY, for Plaintiff.

Raju Sundaran, New York City Law Department, New York, NY, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiff Jermaine Nibbs ("Nibbs") brings this action against defendants City of New York; Detective George Goulart, Shield No. 5792 ("Goulart"); Sergeant Edward Wynne, Shield No. 226 ("Wynne") and Undercover Officer # 0077 (collectively, "Defendants"). Nibbs asserts a number of claims arising under 42 U.S.C. § 1983 ("§ 1983") and § 1988, including denial of his constitutional right to a fair trial ("Fair Trial Claim"), false arrest ("False Arrest Claim") and malicious prosecution ("Malicious Prosecution Claim").

By letter-brief dated June 30, 2011 ("Defendants' Letter–Brief"), Defendants argue that Nibbs's Fair Trial Claim should be dismissed as a matter of law. Nibbs submitted a letter-brief on July 6, 2011 opposing the dismissal of that claim. Because the issues presented by the parties' submissions are solely legal in nature, the Court deems Defendants' Letter–Brief to be a motion for partial judgment on the pleadings (the "Motion") pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Rule 12(c)") and finds that the Motion is fully submitted. For the reasons discussed below, Defendants' Motion is DENIED.

## I. BACKGROUND [1]

Nibbs alleges that in December 2009 he was lawfully present in a store in the Bronx, New York, when Goulart, Wynne and Undercover Officer # 0077 (collectively, the "Police Officers") stopped, handcuffed and searched him. He contends that the Police Officers found no evidence of drugs or other illegal contraband, yet they arrested him on charges of criminal possession and sale of narcotics.

Nibbs further asserts that the Police Officers filed police reports containing false and misleading information about the circumstances surrounding his arrest. They then allegedly forwarded the reports to prosecutors in the Bronx District Attorney's Office. In connection with the arrest. Nibbs spent approximately two days in custody and then approximately four months defending himself in criminal proceedings. The charges were ultimately dismissed on March 10, 2010.

## II. DISCUSSION

■■■ The standard of review for a motion for judgment on the pleadings pursuant to Rule 12(c) is the same as that for a Rule 12(b)(6) motion to dismiss. *See Patel v. Contemporary Classics of Beverly Hills,* 259 F.3d 123, 126 (2d Cir.2001). In reviewing such a motion, courts must "accept as true the factual allegations of the complaint, and draw all inferences in favor of the pleader." *Rosner v. Bank of China,* 349 Fed.Appx. 637, 638 (2d Cir.2009) (*citing Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1174 (2d Cir.1993)).

■■■ Defendants contend that because Nibbs's Fair Trial Claim stems from the same set of facts alleged in support of Nibbs's False Arrest Claim and Malicious Prosecution Claim, it must be dismissed as duplicative. The Court disagrees.

Pursuant to § 1983 and prevailing case law, denial of a right to a fair trial is a separate and distinct cause of action. Indeed, the United States Court of Appeals for the Second Circuit has recognized a distinct cause of action predicated on pre-

---

1. The facts below are taken from Nibbs's Amended Complaint, filed January 7, 2011. The Court accepts these facts as true for the purposes of ruling on a motion pursuant to

Rule 12(c). *See Burnette v. Carothers,* 192 F.3d 52, 56 (2d Cir.1999). Except where specifically referenced, no further citation to this source will be made.

cisely the same set of facts as those alleged here. In *Ricciuti v. New York City Transit Authority*, 124 F.3d 123 (2d Cir. 1997), police officers fabricated a false confession and forwarded it to prosecutors. *Id.* at 129. The Circuit Court held that since the fabricated evidence was likely to affect a jury's verdict, it was a violation of "the accused's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action would be redressable in an action for damages under 42 U.S.C. § 1983." *Id.* at 130. By allowing the plaintiffs in *Ricciuti* to bring their fair trial claim in addition to a claim for malicious prosecution, the Second Circuit established that the two types of claims may co-exist in a single action.

Defendants contend, however, that the instant action is distinguishable from *Ricciuti*, because "in *Ricciuti*, the fabrication involved an *additional* piece of evidence— a confession, purportedly written by the plaintiff" beyond the allegedly false police reports that supported the plaintiff's claim for malicious prosecution. (Defendants' Letter–Brief at 3.) Here, Defendants argue, Nibbs lacks an "additional, manufactured piece of evidence" to support his Fair Trial Claim. (*Id.*) Rather, he relies on the same evidence, *i.e.*, fabricated police reports, to support his Fair Trial Claim, False Arrest Claim and Malicious Prosecution Claim.

The Court is not persuaded that the distinction Defendants suggest is relevant. *Ricciuti* did not base its holding upon the existence of separate pieces of evidence supporting each claim. On the contrary, courts in this District have regularly found *Ricciuti* to stand for the proposition that a claim for denial of a right to a fair trial may be brought alongside one for malicious prosecution even where both are supported by the same evidence. *See, e.g., Brandon v. City of New York*, 705 F.Supp.2d 261, 276 (S.D.N.Y.2010) ("[I]n *Ricciuti* the plaintiff brought claims for both malicious prosecution and denial of his fair right to trial based on the same alleged fabrication of evidence, and the Court of Appeals permitted both claims."); *Jovanovic v. City of New York*, No. 04 Civ. 8437, 2006 WL 2411541, at *13 (S.D.N.Y. Aug. 17, 2006). While several recent decisions in this Circuit discuss ambiguities surrounding the law in this area, those courts nevertheless allowed plaintiffs to bring their fair trial claims in conjunction with malicious prosecution claims. *See, e.g., Cruz v. Reilly*, No. 08 Civ. 1245, 2009 WL 2567990, at *3 n. 2 (E.D.N.Y. Aug. 18, 2009) (stating that although it is an open question whether a fair trial claim may be asserted alongside a malicious prosecution claim, plaintiff may allege both claims); *Schiller v. City of New York*, No. 04 Civ. 7922, 2008 WL 200021, at *9 (S.D.N.Y. Jan. 23, 2008) *aff'd*, No. 04 Civ. 7922, 2009 WL 497580 (S.D.N.Y. Feb. 27, 2009) (holding that since "the possibility remains that a plaintiff could bring both [malicious prosecution and fair trial] claims in the alternative ... a due process claim would hardly be futile"). Consequently, the Court finds that Nibbs's Fair Trial Claim may proceed.

### III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion for partial judgment on the pleadings that the Court has deemed contained in the letter-brief dated June 30, 2011 (Docket No. 25) submitted by defendants City of New York, Detective George Goulart, Sergeant Edward Wynne, and Undercover Officer # 0077 is DENIED.

**SO ORDERED.**