People v Burgess

2026 NY Slip Op 02438

April 23, 2026

Court of Appeals

Halligan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People & c., Respondent,

v

Warren Burgess, Appellant.

Decided on April 23, 2026

No. 35

Ji Hyun Rhim, for appellant.

Justin J. Braun, for respondent.

Halligan, J.

[*1]

After being charged with a number of weapons-related offenses, including two felonies, the defendant pleaded guilty to a single misdemeanor count of criminal possession of a weapon in the fourth degree. The Appellate Term order upholding his conviction must be reversed. We agree with the defendant that under the standard applied to a misdemeanor information, the misdemeanor charge to which he pleaded guilty was insufficient. As discussed below, we therefore reverse the order of the Appellate Term, vacate the defendant's guilty plea, and remit for further proceedings on the accusatory instrument.

In July 2019, defendant Warren Burgess was charged by felony complaint in Criminal Court with criminal possession of a weapon in the third degree (Penal Law § 265.02 [3] [felony]), criminal possession of a firearm (id. § 265.01-b [1] [felony]), and criminal possession of a weapon in the fourth degree (id. § 265.01 [1] [misdemeanor])FN1. The factual portion of the felony complaint alleged in relevant part:

"Deponent states that at the above time and place, deponent observed defendant sitting in the front seat of a black 2014 Honda Accord . . . to have in his custody and control, in the trunk of said vehicle, one (1) Hi-Point .40 caliber firearm.

Deponent further states that deponent observed said firearm to be defaced in that the serial number of said firearm was scratched off and illegible."

The complaint included no allegations about whether the recovered firearm was operable.

At arraignment, the People stated that while there had not yet been grand jury action, the parties had agreed to a pre-indictment plea bargain whereby the defendant would plead guilty to the misdemeanor count in satisfaction of all charges in exchange for a sentence of two years' probation. With the People's consent, Criminal Court purported to dismiss the

two felony counts by crossing them off the felony complaint. The court did not adhere to the procedure set forth in CPL 180.50 for reducing felony charges, the People did not file a superseding accusatory instrument, and the defendant did not waive prosecution by information. He nonetheless pleaded guilty to the remaining misdemeanor count, and the court later imposed the bargained-for sentence. The defendant subsequently appealed the judgment of conviction, arguing that the felony complaint was jurisdictionally defective as to the count to which he pleaded due to the absence of any allegation that the firearm was operable.

The Appellate Term affirmed (see 82 Misc 3d 128[A], 2024 NY Slip Op 50382[U] [App Term, 1st Dept 2024]). The court noted that, as the People "concede[d]," the misdemeanor charge "to which defendant pleaded guilty was jurisdictionally defective due to the absence of any factual allegations indicating that the firearm was operable" (2024 NY Slip Op 50382[U], *1, citing People v Longshore, 86 NY2d 851 [1995]). But because "the only relief which the defendant request[ed was] dismissal of the accusatory instrument, rather than vacatur of the plea and remand on the remaining charges," and because "he expressly request[ed]" an affirmance if the court "d[id] not grant a dismissal," the Appellate Term affirmed the judgment (id.). The Appellate Term further reasoned that "[i]n view of the serious nature of the other charges contained in the felony complaint, a dismissal would not be appropriate" (id.). A Judge of this Court granted the defendant leave to appeal (see 43 NY3d 962 [2025]).

Our precedents confirm that "[a] valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Afilal, 26 NY3d 1050, 1051 [2015], quoting People v Case, 42 NY2d 98, 99 [1977]). As a consequence, a challenge to the jurisdictional sufficiency of an accusatory instrument is among the few that survive a guilty plea. "The standard 'for whether a flaw in an accusatory instrument is jurisdictional' is whether the instrument failed to give the defendant 'sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy' " (People v Hill, 38 NY3d 460, 463 [2022], quoting People v Dreyden, 15 NY3d 100, 103 [2010]).

Setting aside the question of whether the felony complaint was properly converted to another accusatory instrument, and treating what remained as a misdemeanor information for the sole purpose of evaluating the instrument's sufficiency, we agree that as such, it was facially insufficient FN2. To be jurisdictionally valid, an information must not only "set forth facts that establish reasonable cause to believe that the defendant committed the charged offense," but also satisfy the "prima facie case requirement" by setting forth "allegations which, if true, establish every element of the offense charged and the defendant's commission thereof" (People v Smalls, 26 NY3d 1064, 1066 [2015] [internal quotation marks omitted]; see also CPL 100.40 [1] [c] [providing that an information is sufficient when it establishes "every element of the offense charged"]). As we have previously held, the operability of a firearm is an element of criminal possession of a weapon in the fourth degree (see Longshore, 86 NY2d at 852; People v Saunders, 85 NY2d 339, 341-342 [1995]; People v Cavines, 70 NY2d 882, 883 [1987]). Accordingly, operability must be alleged in a misdemeanor information even though it is not explicitly set forth as an element in the statute.

We agree with the defendant that the instrument to which he pleaded guilty did not meet the prima facie case requirement because it lacked any allegations of operability. As such, it was jurisdictionally defective and could not serve as the basis for his plea. Consequently, the case should be "restored to its pre-pleading status" (CPL 470.55 [2]; see also People v Thiam, 34 NY3d 1040, 1050 [2019, DiFiore, Ch. J., concurring] ["(T)he proper corrective remedy, plainly afforded by CPL 470.55, is a remittal to the trial court for further proceedings on the accusatory instrument"]). The record reflects that the felony counts were dismissed when the parties informed the court of their agreed-upon disposition, and thus the purported dismissal is best understood as an integral component of the defendant's plea. The pre-pleading posture therefore restores the felony complaint FN3. The defendant fails to identify a sufficient basis for dismissal of the original, pre-pleading felony complaint, and we therefore remit for further proceedings. Accordingly, the order of the Appellate Term should be reversed, the defendant's guilty plea vacated, and the case remitted to Criminal Court of the City of New York for further proceedings on the accusatory instrument.

RIVERA, J. (Dissenting In Part):

Defendant was charged by felony complaint with criminal possession of a weapon in the third degree, a Class D felony (Penal Law § 265.02 [3]); criminal possession of a firearm, a Class E felony (Penal Law § 265.01-b [1]); and criminal possession of a weapon in the fourth degree, a Class A misdemeanor (Penal Law § 265.01 [1]).FN1 Without objection from the prosecution or the defense, Criminal Court dismissed the two felony counts "based upon the People's representations." The prosecution had stated that the parties had reached a plea agreement on the misdemeanor weapon possession count based on "mitigating factors," including that defendant had no record, that he took responsibility during an NYPD interview, and that "the firearm and the ammo and bullets and clip did not match." Similarly without objection, Criminal Court then arraigned defendant on the misdemeanor weapon possession count—the sole remaining weapon-related charge in the accusatory instrument—and defendant did not [*2]waive prosecution by information. Upon allocution, the court accepted defendant's guilty plea to that misdemeanor count in exchange for a sentence of two years' probation, and sentenced defendant as promised.

Under our caselaw, Criminal Court's dismissal of the felony counts with the prosecution's consent is a valid final disposition, and we may not remit for further proceedings on those dismissed charges. In People v Johnson, upon the prosecution's motion, Criminal Court dismissed the felony count of a multi-count instrument, leaving only misdemeanor counts remaining (5 NY3d 752, 752-753 [2005]). The defendant then pleaded guilty to one of the misdemeanors (id. at 753). The Appellate Term affirmed the conviction, rejecting the defendant's claim that the plea should be invalidated because the court failed to comply with the procedural requirements of CPL 180.50 for reducing a felony charge in an accusatory instrument to a non-felony offense before it dismissed the felony count (4 Misc 3d 140[A], 2004 NY Slip Op 50966[U], *1 [App Term, 1st Dept 2004]). This Court in turn affirmed, explaining that "the felony charge was not reduced, it was dismissed altogether, and [the] defendant pleaded guilty to a separately charged misdemeanor" (5 NY3d at 753). Here too, the court dismissed the felony counts with the prosecution's consent and defendant pleaded guilty to a separately charged misdemeanor. Thus, the only count properly before us is the misdemeanor weapon possession offense upon which defendant was separately arraigned and to which he pleaded guilty.

As the Appellate Term correctly concluded, and as the prosecution conceded below, the factual portion of the accusatory instrument failed to allege the required element of operability of the firearm, thereby rendering the only remaining count in the instrument jurisdictionally defective (see 82 Misc 3d 128[A], 2024 NY Slip Op 50382[U], *1 [App Term, 1st Dept 2024]; People v Longshore, 86 NY2d 851, 852 [1995] ["Although the statute is silent on the point, it is now accepted that to establish criminal possession of a handgun the People must prove that the weapon is operable"]; People v Samba, 97 AD3d 411, 414 [1st Dept 2012] ["Proof of operability is an essential element of the crime of criminal possession of a weapon"]). Rather than dismiss the accusatory instrument in its entirety, the Appellate Term modified the judgment by vacating the mandatory surcharge and fees and otherwise affirmed on the mistaken view that (1) the felony counts remained viable, and (2) the Appellate Term could heed defendant's request that it affirm his conviction to retain the plea if it refused to dismiss the accusatory instrument (see 2024 NY Slip Op 50382[U], *1). As to the first ground, in accordance with Johnson, the felony counts were dismissed and cannot be revived upon remittal at this stage in the appellate proceedings (see 5 NY3d at 753). With regard to the second ground, the Appellate Term may not ignore a jurisdictional defect in the accusatory instrument, which leaves a court powerless to affirm a conviction on the defective count, irrespective of the defendant's request to retain the plea (see People v Dumay, 23 NY3d 518, 522 [2014] ["A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (internal quotation marks omitted)]).

The majority's attempts to distinguish Johnson fall flat (see majority op at 5, 5 n 3). The majority asserts that in this case, the court's "purported dismissal [of the felony counts] is best understood as an integral component of . . . defendant's plea," as the court dismissed those counts "when the parties informed [it] of their agreed-upon disposition" (id. at 5). However, nowhere does the Johnson Court suggest that its reasoning would be inapplicable if a court dismissed a felony count to facilitate a plea. What mattered in Johnson, and here, is not the impetus for the plea agreement but rather the court's dismissal of the felony counts. Moreover, Criminal Court in this case did not explain which of "the People's representations" it was relying upon to dismiss the felony counts. The record demonstrates that at the time of the dismissal, defense counsel had previously stated that they did not believe that the prosecution would be able to establish operability of the firearm. Thus, the court may well have dismissed the felony counts based on the representations regarding operability, rather than simply "as part of [the] plea bargain" (see id. at 5 n 3). Accordingly, Johnson is on point here.FN2 Furthermore, defense counsel's arguments on the record regarding operability put the prosecution on notice that the instrument was defective. Rather than take any step to cure the deficiency, the prosecution instead offered defendant a plea to the misdemeanor weapon possession count, fully aware that the firearm, ammo, bullets, and clip did not match. The prosecution thus assumed the risk that on appeal a court would conclude that the only remaining count—the misdemeanor—was jurisdictionally defective on the very ground raised by defendant. By erroneously restoring this case back to its "pre-pleading status" and reviving the dismissed felony [*3]counts (see id. at 5, 5 n 3), rather than dismissing the instrument, the majority effectively grants the prosecution a windfall by giving it a second bite at the apple and a chance to cure a known deficiency.

The majority's improper remittal contravenes decades of precedent and disregards the prosecution's concession below that the misdemeanor weapon possession count was jurisdictionally defective because the accusatory instrument failed to include factual allegations that the firearm was operable. Even under the majority's own analysis, there is simply no basis for sending back the concededly jurisdictionally defective misdemeanor weapon possession count as part of a return to the case's pre-plea posture (see Dumay, 23 NY3d at 522; CPL 100.40 [1] [b], [4] [b] [indicating that separate counts in an accusatory instrument, whether it be an information or a misdemeanor or felony complaint, may be assessed individually for their facial sufficiency]; People ex rel. Ortiz v Commissioner, New York City Dept. of Correction, 253 AD2d 688, 689 [1st Dept 1998], affd 93 NY2d 959 [1999] ["Each count of an accusatory instrument is deemed as a matter of law to be a separate and distinct accusatory instrument"]). In the circumstances of this case, reinstating the jurisdictionally defective misdemeanor count is not only contrary to our longstanding rule that "[a] valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (see Dumay, 23 NY3d at 522), but it also effectuates an impermissible waste of judicial resources. The proper course is instead a straight dismissal of the instrument. Therefore, I dissent.

Order reversed, defendant's guilty plea vacated and case remitted to Criminal Court of the City of New York, Bronx County, for further proceedings on the accusatory instrument.

Opinion by Judge Halligan. Judges Garcia, Singas, Cannataro and Troutman concur. Judge Rivera dissents in an opinion, in which Chief Judge Wilson concurs.

Decided April 23, 2026

Footnotes

Footnote 1

The defendant was also charged with unlawful possession of marijuana (Penal Law former § 221.05), a crime that has since been repealed (see Marijuana Regulation and Taxation Act, L 2021, ch 92, § 15). That count, a violation, is not at issue in this appeal.

Footnote 2

Absent defendant's waiver of prosecution by information, "the sufficiency of the accusatory instrument—even if it was intended to be a complaint—must be evaluated under the standards that apply to an information" (People v Kalin, 12 NY3d 225, 228 [2009]).

Footnote 3

The dissent's reliance on People v Johnson (5 NY3d 752 [2005]) is misplaced and was not pressed by the defendant before either the Appellate Term or this Court. Unlike the case before us, the defendant in Johnson did not contend that the charge to which he pleaded guilty was facially insufficient. The Court had no occasion to address whether returning a case to its pre-pleading status entails restoration of charges dismissed as part of a plea bargain. This case is also in a different procedural posture than Johnson, where the Appellate Term affirmed a Criminal Court's determination below and we, in turn, affirmed the Appellate Term. This case is governed by a different rule: CPL 470.55 (2).

Footnote 1

Defendant was also charged with unlawful possession of marijuana, which was formerly a misdemeanor (former Penal Law § 221.05), but no longer constitutes a criminal offense, as that section of the Penal Law was repealed under the Marijuana Regulation and Taxation Act. The marijuana possession count is not at issue on this appeal.

Footnote 2

Neither party has referenced Matter of Campbell v Pesce (60 NY2d 165 [1983]) and thus I have no occasion to consider its possible application here.