■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HRYN, Appellant.—Judgment unanimously reversed on the law and indictment dismissed. Memorandum: On appeal from his conviction of assault in the second degree, after a bench trial, for recklessly shooting a police officer during a melee, defendant contends that he was denied his right to a prompt verdict. We agree. The court's delay of 7½ months in rendering its verdict was unreasonable as a matter of law *(People v South,* 41 NY2d 451, 454). The period of delay was approximately four times the 58-day delay condemned in *South (see also, People v O'Brien,* 86 Misc 2d 139 [held: delay of 35 days requires reversal]), and was completely unjustified. This was a close case from the standpoint of determining whether defendant's conduct was criminal, but it did not involve a complicated factual situation or difficult issues of law *(see, People v South, supra).* Moreover, no evidentiary questions remained to be resolved after trial and no posttrial submissions were sought or offered *(People v South, supra).* Although the court wrote a long and detailed memorandum decision, it was not required to do so. It merely had "to render a verdict of 'guilty' or 'not guilty' " *(People v South, supra,* at 454; *People v Carter,* 63 NY2d 530).

We reject the People's contention that defendant has failed to preserve this claim for our review because he did not object to the court's delay in rendering a verdict. The defendant has

no duty to request the court to render a verdict. At the end of trial, the court indicated it would be reserving decision, but did not set an adjourned date or otherwise indicate when its decision would be forthcoming. It is unrealistic to expect a defendant to object at that point when there was no indication that a delay of significant duration would ensue. In her argument in support of defendant's motion to set aside the verdict, defense counsel asserted that she "expected a decision that afternoon or, perhaps, the next day". She asserted, "I stopped in the court the next day and I stopped in on a number of occasions after that to inquire as to the status of the case." Thus, defendant did not consent to the delay. Also, contrary to the People's argument, defendant did not waive his objection by failing to request a verdict as the period of delay wore on. It would be unrealistic to require a defendant to move the court to render a decision or bring a CPLR article 78 proceeding to compel a verdict. Such maneuver, apart from engendering even more delay, would merely serve to antagonize the court. (Appeal from judgment of Supreme Court, Erie County, Kubiniec, J.—assault, second degree.) Present—Denman, J. P., Green, Pine, Lawton and Davis, JJ.