■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL MALDONADO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gallagher, J.), rendered January 12, 1987, convicting him of robbery in the second degree and robbery in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed as a matter of discretion in the interest of justice, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant's brother became involved in a fight with the complainant in the parking lot of a McDonald's restaurant in Queens. According to the complainant, the defendant came up, and struck the complainant twice in the left eye. The complainant claims the defendant also stole the complainant's watch and wallet. After a one-day, two-witness, nonjury trial, which essentially pitted the complainant's version of the events constituting the crimes charged against that of the defendant, the court stated it would reserve decision for 20 days. The Department of Correction was apparently unable to produce the defendant either on that first adjourned date, or on the next adjourned date and it was not until 57 days after the trial that both the defendant and the defense attorney were present to hear the verdict. The trial court then announced that it needed another week to make its decision. The trial court finally rendered a verdict 67 days after the trial, stating that it found the defendant guilty.

"[T]he salutary considerations which undergird a defendant's right to speedy trial extend in part to his right to a prompt verdict while recollection of the evidence is fresh, and argue strongly against dangling delay" *(People v South,* 41 NY2d 451, 455; *see, People v O'Brien,* 86 Misc 2d 139, 143-144). The trial was short and there were no complicated issues of law or fact to be resolved. Further, no written decision or findings were required; the trial court merely had to state whether or not the defendant was guilty. Nevertheless, the trial court did not reach a verdict for approximately 67 days. While the defendant did not object to this delay, we find that under the circumstances, a reversal of the judgment is warranted as a matter of discretion in the interest of justice.

In light of our determination, we need not reach the other contentions raised by the defendant. Brown, J. P., Lawrence and Rubin, JJ., concur.

Kooper, J., dissents and votes to affirm the judgment appealed from in a memorandum in which Kunzeman, J., concurs. Since I conclude that the relevant circumstances presented do not warrant the drastic relief conferred by the majority in reaching the defendant's unpreserved assertion *(see, People v Woodley,* 141 AD2d 587, 588), I must dissent.

Contrary to the defendant's contentions, the pertinent facts presented at bar differ materially from those which the Court of Appeals confronted in *People v South* (41 NY2d 451), the case upon which the majority principally relies. In *People v South (supra),* the defendant was charged with and convicted

—after a bench trial—of assault in the third degree, for which he was sentenced to a conditional discharge as a youthful offender. The trial court in *South,* however, permitted a period of 57 days to elapse before ultimately rendering its verdict. In reviewing the defendant's claim that the delay was excessive, the Court of Appeals was careful to preface its substantive discussion by emphasizing that (1) the defendant had not consented to the delay, and (2) the People offered no justification therefor *(People v South, supra,* at 454). After assessing the foregoing criteria, the Court of Appeals concluded that the delay was excessive as a matter of law, necessitating dismissal of the indictment.

The circumstances surrounding the delay which occurred at bar differ markedly from those which compelled the Court of Appeals to dismiss the indictment in *People v South (supra,* at 454). The record reveals in this respect that after the trial was completed, the court reserved decision with respect to the verdict, adjourning the matter—without objection from defense counsel—for a period of 20 days to October 22, 1986. Thereafter, on October 22, 1986, defense counsel appeared, but indicated that he was involved in another trial and suggested that an adjourned date be selected. On November 14, counsel appeared but noted that he "ha[d] a jury out" in another case in respect to which he was "expected back". Another adjournment was granted until November 28, at which time the court itself put over the matter—without objection by defense counsel—for a week. On December 5, defense counsel failed to appear, and the matter was adjourned to December 8, when the court announced its verdict.

The facts as described above demonstrate that the defendant—through his counsel—contributed to, and indeed, specifically requested, certain of the delays which the defendant now attributes to the court. Indeed on both October 22 and November 14, counsel represented to the court that his prior engagements necessitated further adjournments, thereby reinforcing the impression that, insofar as he was concerned, there was no pressing need to expedite the matter by the prompt rendition of a verdict. Moreover, although the defendant notes that on the 57th day, the court—actually the court clerk—stated that "no decision" was ready, he fails to acknowledge the effect of the prior adjournments in terms of the court's readiness to announce its verdict. In short, where the defendant—a predicate felon convicted of a serious crime—has contributed to and acquiesced in the delay complained of, the application of the salutary principle enunciated by the Court of Appeals in

*People v South (supra)* is, in my view, particularly inappropriate.