■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN KRAMER, Appellant.—Judgment, Supreme Court, New York County (Jeffrey M. Atlas, J.), rendered August 2, 1989, convicting defendant, after jury trial, of two counts of attempted criminal possession of stolen property in the fourth degree, and sentencing him to concurrent terms of imprisonment of six months and a $2,000 fine, unanimously affirmed. The matter is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

Evidence at trial was that an undercover police officer, accompanied by an informant, made two separate sales of assorted gold and silver items to defendant, a licensed dealer in second-hand gold and metals. The items included various school rings and religious articles. During the first sale, the officer expressly stated that the items were stolen, and that she would return with more. Although stating that he did not purchase stolen items, and expressing concern that he might be dealing with an undercover officer, defendant nevertheless accepted and paid for the items without inspecting identification documents or recording the transactions, as required by law. Both transactions were recorded on videotape, and portions thereof were also recorded on audiotape.

Viewing this evidence in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the jury's determination of defendant's guilt beyond a reasonable doubt of two counts of attempted criminal possession of stolen property in the fourth degree was amply supported *(see, People v Bleakley,* 69 NY2d 490).

We have reviewed defendant's various claims of error by the trial court in calculating time chargeable to the People pursuant to CPL 30.30, and make the following findings.

The 12 day period from June 30, 1988 to July 12, 1988, between the filing of the indictment and defendant's arraignment thereon, is properly chargeable to the People *(People v Correa,* 77 NY2d 930).

The defendant's failure to provide any record controverting the trial court's finding that the 11 day period from August 1,

1988 to August 12, 1988 is properly excludable as an adjournment granted to the People for preparation of their response to outstanding defense motions, an excludable adjournment under CPL 30.30 (4) (a), precludes appellate review of defendant's claim of error (see, People v Olivo, 52 NY2d 309).

The 28 day period from January 17, 1989 to February 14, 1989 was properly excluded as a consent adjournment (CPL 30.30 [4] [b]).

The 13 day period from February 14, 1989 to February 27, 1989, as well as the 34 day period from March 7, 1989 to April 10, 1989, and the seven day period from May 1, 1989 to May 8, 1989, are all properly excludable as adjournments necessary for the court's determination of outstanding pretrial motions (CPL 30.30 [4] [a]; People v Worley, 66 NY2d 523).

The 20 day period from April 11, 1989 to May 1, 1989, as conceded by the People, is properly chargeable to the People as an adjournment granted at their request.

Based upon the foregoing determinations, the periods June 30, 1988 to July 12, 1988 and April 11, 1989 to May 1, 1989 (totaling 32 days) should be added to the trial court's finding of 148 days chargeable to the People. Thus, as the People are properly chargeable with 180 days, and in the circumstances herein are allowed 182 days, defendant's CPL 30.30 motion was properly denied.

We have considered defendant's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Milonas, Kupferman, Asch and Smith, JJ.