■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN FRANCIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered August 22, 1991, convicting him of criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

The defendant contends that the 82-day delay between the close of the trial and the rendering of the verdict was unreasonable and violated his right to a prompt verdict. We find that this claim is unpreserved for appellate review, since the defendant failed to raise a timely objection to the several adjournments of the day scheduled for the rendition of the verdict (see, People v Cheswick, 166 AD2d 88, affd 78 NY2d 1119; People v Waldron, 162 AD2d 485; People v Woodley, 141 AD2d 587; People v Andrews, 102 AD2d 894; cf., People v Hryn, 144 AD2d 961). In any event, the court's delay in announcing its verdict was not unreasonable (see, People v South, 41 NY2d 451) or prejudicial (cf., People v O'Brien, 86 Misc 2d 139). The court took time to reconcile the substantially conflicting testimony of seven witnesses, and then to write a four-page decision rather than merely announcing the words "guilty" or "not guilty". Further, the court experienced difficulties scheduling the verdict, as it was engaged in several homicide trials in addition to its normal calendar work. Moreover, the defendant was not in custody during the adjournments and, although he was present in court, he made no protest when the adjournments were granted. Finally, we find that the defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80). Thompson, J. P., Balletta, Ritter and Santucci, JJ., concur.