■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO ROJAS, Appellant. [606 NYS2d 698] —Judgment, Supreme Court, New York County (Herbert Adlerberg, J., at speedy trial motion; Charles Tejada, J., at trial), rendered September 11, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Once defendant had used cross-examination to make broad assertions bearing on his guilt or innocence, even though the prosecutor's questions did not call for such testimony, the People were entitled to contradict his non-collateral testimony with rebuttal evidence refuting his assertions (see, People v Harris, 57 NY2d 335, 345, cert denied 460 US 1047). Even if defendant had testified "to what would otherwise be [a] collat-

eral matter involving solely credibility * * * he does not preclude his adversary from introducing independent evidence to show that the testimony thus given is false" *(People v Andujar,* 61 AD2d 755). Where defendant's misrepresentations were not in response to the prosecutor's questions but were affirmatively made with the intent of establishing his innocence and where he wished to re-open his case and not refute the People's evidence, but, merely explain that his misstatement was the result of confusion, the court did not abuse its discretion in precluding defendant's testimony (CPL 260.30 [7]).

Defendant's failure to provide a sufficient factual record precludes appellate review of his statutory speedy trial claim *(see, People v Kramer,* 181 AD2d 449, 449-450, citing *People v Olivo,* 52 NY2d 309, 320). Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Tom, JJ.