■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMANUEL SANTANA, Appellant. [649 NYS2d 456] —Appeal by the defendant from three judgments of the Supreme Court, Queens County (Golia, J.), all rendered March 31, 1994, convicting him of (1) three counts of rape in the first degree under Indictment Nos. 4419/83, 4423/83, and 4464/83 (one count under each indictment), (2) two counts of sexual abuse in the first degree under Indictment Nos. 4419/83 and 4464/83 (one count under each indictment), (3) three counts of robbery in the first degree under Indictment Nos. 4419/83, 4423/83, and 4464/83 (one count under each indictment), (4) burglary in the first degree under Indictment No. 4423/83, (5) three counts of criminal possession of a weapon in the fourth degree under Indictment Nos. 4419/83, 4423/83, and 4464/83 (one count under each indictment) and, (6) criminal possession of stolen property in the third degree under Indictment No. 4464/83, after a nonjury trial, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant seeks reversal of his convictions, inter alia, upon the ground that the People violated his right to a speedy trial as provided for in CPL 30.30, and that the Supreme Court erred in denying his motion to dismiss the indictment on that basis. However, the defendant's failure to provide a sufficient record precludes appellate review of his speedy trial claim (see, People v Rojas, 200 AD2d 545, 546).

There is no merit to the defendant's claim that the 113-day delay between the close of trial and the rendering of the bench verdict was unreasonable. In a nonjury trial, a defendant is entitled to a verdict within a reasonable time and what is reasonable depends on the specific circumstances of each case (see, People v South, 41 NY2d 451, 454). There is no specific number of days within which a court must render its verdict. However,

there are several factors to consider in determining whether the delay is reasonable. Some of the factors include whether there were complicated issues of fact or law presented, whether any evidentiary questions remained to be resolved, whether there were any contested propositions of law, whether there were any post-trial submissions sought or ordered, whether the court rendered an oral or written decision, and whether there were administrative impediments to the trial court's rendering an earlier decision *(see, People v South, supra,* at 454; *People v Francis,* 189 AD2d 822, 823).

Here, the defendant presented an affirmative defense of insanity, based upon Post Traumatic Stress Disorder, as a result of sexual abuse when the defendant was a child and his experiences in Vietnam, and each expert's testimony had to be reconciled with the defendant's extensive testimony. There were approximately 30 hours of videotaped psychiatric examinations of the defendant which had to be reviewed prior to reaching a verdict. In addition, the defendant had stipulated to the testimony of the victims from his first trial which had resulted in a judgment against him which was overturned on appeal *(see, People v Santana,* 80 NY2d 92). While two of the victims elected to testify at the retrial, one did not. The court, therefore, had to review the third victim's testimony from the first trial, in addition to the testimony from the 4-month long retrial.

Furthermore, at the close of the trial, the defendant moved for a trial order of dismissal and separately moved to reopen his rebuttal case. Another important consideration is the fact that the trial court handed down an 11-page written decision, as opposed to an oral decision, in which the court made findings of law and fact and stated that the reasons for the delay in rendering the verdict were the 30-hours of videotape, the volumes of transcripts, and the defendant's motion to reopen his rebuttal case.

Moreover, *People v South* (41 NY2d 451, *supra),* relied upon by the defendant, in which a 58-day delay in rendering a verdict was found to be excessive, involved a 4-hour misdemeanor trial before a Town Justice. Similarly, in *People v Maldonado* (152 AD2d 707, 708), wherein this Court found a 67-day delay to be unreasonable, the trial was short and the court "merely had to state whether or not the defendant was guilty". Therefore, under the circumstances of this case the trial court's delay in rendering its verdict was not unreasonable.

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.