OPINION OF THE COURT
Memorandum.
*552 Judgment unanimously reversed on the law and information dismissed.
After a one-day bench trial on a one-count information, which consisted of the testimony of two prosecution witnesses, the court below reserved decision for 84 days prior to rendering its verdict. A review of the record on appeal shows that there were no complicated issues, no posttrial submissions or administrative impediments to the prompt rendering of a verdict. The trial transcript consists of 33 pages and the written decision of the court below is comprised of 3 pages.
Defendant contends that he did not consent to the delay and the People contend that defendant did not object to the delay in the court below and, therefore, did not preserve the issue for appeal. While it is plausible that defendant may not have objected to a reasonable adjournment when the court below informed him that it would reserve decision and mail it to him, it is implausible that defendant would consent to an 84-day delay on such a simple case. Moreover, a defendant’s failure to voice objection when the delay continued is not a waiver of his objection to the delay (People v Hyrn, 144 AD2d 961). In the case at bar, issues were not so complicated as to warrant 84 days of deliberation (People v Maldonado, 152 AD2d 707; cf, People v Santana, 232 AD2d 663). In view of the circumstances of this case, the delay was unreasonable as a matter of law (People v South, 41 NY2d 451).
DiPaola, P. J., Ingrassia and Palella, JJ., concur.