■ In the Matter of DANIA W., Appellant. [886 NYS2d 183]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Kings County (Weinstein, J.), dated December 12, 2008, which, after a hearing, found that the appellant had committed acts, which, if committed by an adult, would have constituted the crimes of attempted intimidation of a witness or victim in the second degree and menacing in the third degree, and (2) an order of disposition of the same court dated February 20, 2009, which, upon the fact-finding order, adjudged her to be a juvenile delinquent and placed her on probation for a period of 12 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition (see Matter of Shanita V., 7 AD3d 804 [2004]); and it is further,

Ordered that the appeal from the order of disposition is affirmed, without costs or disbursements.

The appellant's right to a speedy fact-finding hearing (see Family Ct Act § 340.1 [2]) was not violated. The appellant's counsel waived the appellant's right to challenge the adjournment of the fact-finding hearing granted on September 26, 2008, because counsel consented to that adjournment. Further, the appellant's contentions regarding the impropriety of any adjournment are unpreserved for appellate review.

Viewing the evidence presented at the fact-finding hearing in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted intimidation of a victim or witness in the second degree (see Penal Law

§§ 215.16, 110.00) and menacing in the third degree (*see* Penal Law § 120.15).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Hasan C.,* 59 AD3d 617, 617-618 [2009]; *Matter of Tanasia Elanie E.,* 49 AD3d 642 [2008]; *cf.* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Daniel R.,* 51 AD3d 933, 933-934 [2008]; *cf. People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *cf. People v Romero,* 7 NY3d 633 [2006]).

Contrary to the appellant's contention, the Family Court providently exercised its discretion in finding that she was in need of supervision, adjudicating her a juvenile delinquent, and ordering a 12-month period of probation. The Family Court has broad discretion in fashioning orders of disposition (*see Matter of Ashanti B.,* 62 AD3d 790 [2009]; *Matter of Javed K.,* 57 AD3d 899, 900 [2008]; *see also* Family Ct Act § 141). In light of the appellant's poor school attendance, unsatisfactory academic performance, disciplinary record in school, and admitted drug use, the imposition of a period of 12 months probation was the least restrictive dispositional alternative. Skelos, J.P., Covello, Leventhal and Roman, JJ., concur.