OPINION OF THE COURT
Memorandum.
Ordered that the judgments of conviction are reversed, on the law, defendant’s motion to dismiss the accusatory instruments is granted and the fine, if paid, is remitted.
After a nonjury trial, defendant was convicted of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), leaving the scene of an incident involving personal injury without reporting (Vehicle and Traffic Law § 600 [2] [a]), and leaving the scene of an incident involving property damage without reporting (Vehicle and Traffic Law § 600 [1] [a]).
Defendant’s contention that his constitutional right to a speedy trial was violated (see CPL 30.20) was not preserved for appellate review since it was not made in writing and upon reasonable notice to the People (CPL 170.45, 210.45 [1]; see People v Jordan, 62 NY2d 825 [1984]). In any event, were we to apply the factors set forth in People v Taranovich (37 NY2d 442 [1975]) for weighing the merits of an assertion that the defendant has been denied his constitutional right to a speedy trial, we would conclude that the delay in the instant matter was not violative of defendant’s constitutional right.
In a nonjury case, a trial court must render a verdict within a reasonable period of time (CPL 350.10 [3] [d]; 360.55; People v South, 41 NY2d 451, 454 [1977]). “There is no specific number of days within which a court must render its verdict” (People v Santana, 232 AD2d 663, 663 [1996]), and the determination whether the delay is unreasonable “turn[s] largely on the circumstances of the individual case,” the most salient of which are whether the court issues a written decision, the complexity of the issues of fact and law, and the nature and quantity of the evidence to be reviewed (South, 41 NY2d at 454; see also Santana, 232 AD2d at 664; People v Francis, 189 AD2d 822, 823 [1993]).
*54 In the case at bar, the bench trial lasted one day (October 17, 2008), only three witnesses testified and there were no complicated issues of law or fact which had to be resolved. After the Justice Court received summations in writing from both parties on October 20, 2008, it directed both sides to appear for its decision and possible sentencing on December 1, 2008. While the record contains no minutes from December 1, 2008, both parties concede that, on that day, the Justice Court heard additional oral arguments on the issue of “personal injury” as it related to the charge of leaving the scene of an incident involving personal injury without reporting. One week later, defendant moved to dismiss the accusatory instruments on the ground that there was an unreasonable delay between the end of the trial and the court’s decision. On February 11, 2009, 72 days after it had heard its last oral arguments, the court implicitly denied defendant’s motion when it issued its decision convicting defendant of driving while intoxicated, leaving the scene of an incident involving personal injury without reporting and leaving the scene of an incident involving property damage without reporting. Accordingly, under the circumstances presented, we are of the opinion that the judgments must be reversed and defendant’s motion to dismiss the accusatory instruments granted, as the 72-day delay in rendering a decision was unreasonable (see CPL 350.10 [3] [d]; 360.55; People v South, 41 NY2d 451 [1977]).
Nicolai, EJ., Molía and LaCava, JJ., concur.