In the Matter of ANGEL C., a Person Alleged to be a Juvenile Delinquent, Appellant. [941 NYS2d 561]—

Order of disposition, Family Court, Bronx County (Jeanette Ruiz, J.), entered on or about March 10, 2011, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of assault in the third degree and menacing in the third degree, and placed him on enhanced supervision probation for a period of 12 months, unanimously modified, on the law, to the extent of vacating the finding as to menacing in the third degree and dismissing that count of the petition, and otherwise affirmed, without costs.

The court properly denied appellant's motion to suppress identification testimony. The evidence established that the po-

lice arrived at the scene of the incident while it was still in progress and that, before being asked any questions, the victim spontaneously identified appellant as one of her assailants (*see People v Dixon*, 85 NY2d 218, 222-223 [1995]; *see also People v Santiago*, 2 AD3d 263, 264 [2003], *lv denied* 2 NY3d 765 [2004]).

The court's finding as to the assault charge was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the court's determinations concerning identification and credibility. The evidence established that, while acting in concert with another person (*see* Penal Law § 20.00), appellant caused physical injury to the victim (*see e.g. People v Hodge*, 83 AD3d 594, 595 [2011], *lv denied* 17 NY3d 859 [2011]). However, the menacing charge was not established, in that there was no evidence of any threatening behavior separate from the assault (*see Matter of Shenay W.*, 68 AD3d 576 [2009]).

The court properly exercised its discretion when it denied appellant's request for a third continuance in order to attempt to secure the testimony of another participant in the assault, who had entered an admission to the delinquency petition against her. Appellant did not show that the proposed witness could provide materially exculpatory testimony, or any likelihood that he could obtain the witness's testimony if granted another adjournment (*see Matter of Anthony M.*, 63 NY2d 270, 283-284 [1984]; *People v Foy*, 32 NY2d 473, 476 [1973]).

The court properly exercised its discretion in adjudicating appellant a juvenile delinquent and placing him on probation under the enhanced supervision program. The court adopted the least restrictive dispositional alternative consistent with appellant's needs and those of the community (*see Matter of Katherine W.*, 62 NY2d 947 [1984]). This disposition was justified by the seriousness of the incident, in which appellant kicked the fallen victim in the face, as well as appellant's poor school attendance and other behavioral issues. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Acosta and Abdus-Salaam, JJ.