*469 Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J), rendered October 11, 2011, convicting defendant, after a nonjury trial, of criminal trespass in the second degree, criminal mischief in the fourth degree, and attempted assault in third degree, and sentencing her to a term of three years’ probation, unanimously modified, on the law, to the extent of vacating the attempted assault conviction, dismissing that count, and remanding for resentencing on the remaining convictions, and otherwise affirmed.
The count of the information charging attempted assault in the third degree is jurisdictionally defective (see generally People v Alejandro, 70 NY2d 133 [1987]) because it fails to contain allegations establishing or providing reasonable cause to believe that defendant intended to cause physical injury to the victim. At most, the factual allegations support an inference that defendant pushed her former boyfriend in an effort to enter his apartment, and then his living room; there was nothing to support an inference of intent to injure. In any event, the verdict convicting defendant under that count was against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]).
We remand for plenary resentencing proceedings on the remaining convictions, both as a matter of discretion under CPL 470.15 (3) (c) and because resentencing is required as a matter of law. The sentencing court violated defendant’s constitutional right to self-representation by summarily denying, without inquiry, defendant’s request to represent herself at sentencing. Regardless of any ambiguity in defendant’s written application, her subsequent application, conveyed through counsel at the sentencing proceeding, was clear and unequivocal (see People v McIntyre, 36 NY2d 10, 17 [1974]; People v Arroyo, 98 NY2d 101, 103-104 [2002]). Since the harm to defendant is denial of her right of self-representation (see Faretta v California, 422 US 806 [1975]), there is no need for her to make any further showing of prejudice.
In view of this determination, it is unnecessary to consider defendant’s remaining contentions. Concur — Mazzarelli, J.P, Saxe, DeGrasse, Manzanet-Daniels and Clark, JJ.
Motion to file pro se supplemental brief denied.