OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is modified, on the facts, by vacating the convictions of attempted assault in the third degree, menacing in the third degree, and two counts of criminal trespass in third degree, and by providing that the counts of the accusatory instrument charging these offenses are dismissed; as so modified, the judgment of conviction is affirmed.
The People charged defendant with numerous offenses, of which the following were ultimately tried by the court: two counts of criminal trespass in the third degree (Penal Law § 140.10 [a]), two counts of attempted criminal trespass in the second degree (Penal Law §§ 110.00, 140.15), two counts of trespass (Penal Law § 140.05), attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), menacing in the third degree (Penal Law § 120.15), three counts of attempted criminal contempt in the second degree (Penal Law §§ 100.00, 215.50 [3]), and one count of harassment in the second degree (Penal Law § 240.26 [1]). The charges arose in the course of a long-running dispute between the complainants (Rabbi Chaim Halberstam and his spouse, Roiza Halberstam) and defendant with respect to the complainants’ efforts to recover possession of defendant’s ground-floor apartment in a building which is owned by the complainants, who occupy the third-floor apartment (see Halberstam v Kramer, 27 Misc 3d 1206[A], 2010 NY Slip Op 50571 [U] [Civ Ct, Kings County 2010], affd 39 Misc 3d 126[A], 2013 NY Slip Op 50408[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). After a nonjury trial, defendant was convicted of attempted assault in the third degree, menacing in the third degree, two counts of criminal trespass in the third degree and harassment in the second degree. On appeal, defendant alleges numerous claims of error, including, among others, that the accusatory instrument failed to state facts sufficient to establish the counts of criminal trespass in the third degree, that the roughly 11-month delay between the close of evidence and the verdict was unreasonable, that the convictions of all of the offenses were against the weight of the evidence, and, in the alternative, that the judgment of convic *30 tion should be reversed in the interest of justice and the accusatory instrument dismissed.
Criminal Procedure Law § 350.10 (3) (d), which requires that a court “consider the case and render a verdict,” is construed to mean that a verdict must be rendered “within a reasonable time” (People v South, 41 NY2d 451, 454 [1977]; see e.g. People v Williams, 24 Misc 3d 131 [A], 2009 NY Slip Op 51358[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]). However, as defendant failed to object, at any of the several adjournments between the close of evidence and summations, that the verdict was thereby unduly delayed, the claim is not preserved for appellate review (Matter of Dania W., 65 AD3d 1356, 1356 [2009]; People v Torrence, 305 AD2d 1042, 1043-1044 [2003]; People v Francis, 189 AD2d 822, 823 [1993]; cf. People v Hryn, 144 AD2d 961 [1988]; People v Sabino, 39 Misc 3d 127[A], 2013 NY Slip Op 50417[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2013]). In any event, summations are “deemed a part of the trial” itself (People v Mullen, 44 NY2d 1, 4 [1978]), and, in a nonjury trial, the verdict period commences at the close of summations, where permitted (see CPL 350.10 [3] [c]). Assuming, without deciding, that defendant’s failure to object to the 32-day delay between summations and the verdict does not bar the claim, there was no deprivation of the right to a timely verdict. “There is no specific number of days within which a court must render its verdict” (People v Santana, 232 AD2d 663, 663 [1996]), and whether the delay is unreasonable “turn[s] largely on the circumstances of the individual case,” the most salient of which are whether the court issues a written decision, the complexity of the issues of fact and law, and the nature and quantity of the evidence to be reviewed (People v South, 41 NY2d at 454; see also People v Santana, 232 AD2d at 664; People v Francis, 189 AD2d at 823; People v Stewart, 45 Misc 3d 127[A], 2014 NY Slip Op 51454[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Morgan, 30 Misc 3d 52, 54 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). Although it is not known if the Criminal Court required the transcripts of the trial testimony to reach its verdict, and if so, the time required to obtain them, the court was required to resolve sharply conflicting testimony among the 13 witnesses called by the People and the defense, and to decide whether the evidence presented in over 1,200 pages of testimony and numerous exhibits supported convictions of 12 charges. On this record, when the verdict period is properly measured from the conclu *31 sion of summations (CPL 1.20 [11]; People v Robinson, 203 AD2d 491, 492 [1994]), it cannot be said that defendant was denied her right to a timely verdict (see e.g. People v Santana, 232 AD2d at 664 [113-day delay not unreasonable given, among other things, “the volumes of transcripts” and videotape exhibits]; People v Francis, 189 AD2d at 823 [82-day delay not excessive where the court was required to reconcile the conflicting testimony of seven witnesses, and defendant was not in custody]).
We find, however, that the convictions of attempted assault in the third degree and of menacing in the third degree are against the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]; see also People v Delamota, 18 NY3d 107, 115 [2011] [weight of the evidence review is “governed by a legal standard that is far broader than the one employed in a (legal) sufficiency analysis”]). These charges arose from an incident when Rabbi Halberstam and defendant confronted each other at the common entrance to the building in which they both resided, which ended with defendant abruptly shutting the door as the complainant was attempting entry, resulting in a cut to the complainant’s lip. Absent a confession or some similar evidence, intent is generally to be inferred from the defendant’s conduct and the surrounding circumstances (People v Rodriguez, 17 NY3d 486, 489 [2011]; People v Bracey, 41 NY2d 296, 301 [1977]), and an appellate court may “presume,” where the evidence so merits, that the defendant “intended the natural consequences of his [or her] acts” (People v Thomas, 50 NY2d 467, 472 n [1980]; see also People v Getch, 50 NY2d 456, 465 [1980]). While defendant may have behaved recklessly in that she knowingly created a risk of physical harm to the complainant by precipitously closing the door when he was standing so near, it cannot be said that striking someone in the face with a door while closing it is the “natural consequence” of such an act unless the facts support an inference that defendant was aware that, by closing the door in the fashion to which Rabbi Halberstam testified, she would strike him (People v Cherry, 104 AD3d 468, 469 [2013] [facts must establish an “intent to injure” to support a charge of attempted assault in the third degree]). In our view, an inference that defendant was aware that the complainant was so far into the doorway that the act of closing it can only be construed as an attempt to cause the complainant physical injury is contrary to the weight of the credible evidence.
*32 An element of the offense of menacing in the third degree is the intent to place or attempt to place another in fear of physical injury. A “physical menacing]” is not committed on every occasion that a victim is aware that someone is attempting to, or does in fact, injure him. The gravamen of the offense is a threat and the resulting fear, and where, as here, there is no credible “evidence of any threatening behavior before, after, or otherwise separate from the sudden attack,” the guilty verdict of menacing in the third degree was likewise against the weight of the evidence (Matter of Shenay W., 68 AD3d 576, 576 [2009]; see also Matter of Angel C., 93 AD3d 602, 603 [2012] [“the menacing charge was not established, in that there was no evidence of any threatening behavior separate from the assault”]).
We also reverse the convictions of both counts of criminal trespass in the third degree as against the weight of the evidence in that we do not find that sufficient, credible evidence was adduced to support the guilty verdict with respect to these two counts (see People v Danielson, 9 NY3d 342 [2007]).
We find, however, that the conviction of harassment in the second degree was not against the weight of the evidence. The proof supports an inference that defendant, at the very least, intended to annoy Rabbi Halberstam by preventing him from entering his home, that is, by physically thrusting him from the doorway, without regard to whether she intended (or attempted) to cause him physical injury by doing so. “[P]etty forms of offensive touching, such as striking, shoving and kicking, are prohibited when committed with the intent to annoy, harass or alarm the victim” (People v Bartkow, 96 NY2d 770, 772 [2001]). It is noted that there is nothing inconsistent with respect to a conviction of harassment in the second degree and an acquittal of attempted assault in the third degree (People v Crandon, 15 Misc 3d 130[A], 2007 NY Slip Op 50659[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). We decline defendant’s invitation that we vacate the conviction in the interest of justice (see CPL 470.15 [3] [c]). The record does not compel an inference that “guilt has not been satisfactorily established [and] that there is a grave risk that an innocent [person] has been convicted” (People v Kidd, 76 AD2d 665, 668 [1980]; see also People v Carter, 63 NY2d 530, 536 [1984]; People v Gioeli, 288 AD2d 488, 489 [2001]; People v Crudup, 100 AD2d 938, 939 [1984]). The authority to dismiss a charge in the interest of justice is exercised “sparingly” (People v White, 75 AD3d 109, *33 125 [2010]), and, upon a review of “the totality of the circumstances presented” (People v Canner, 2002 NY Slip Op 50527 [U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2002]), we find that it should not be exercised here.
We have considered defendant’s remaining contentions and find them to be unpreserved or without merit (see CPL 200.20 [2] [b], [c]; People v Stultz, 2 NY3d 277, 282 [2004]; People v Henry, 95 NY2d 563, 566 [2000]; People v Benevento, 91 NY2d 708, 714 [1998]; People v Comer, 73 NY2d 955 [1989]; People v Galloway, 54 NY2d 396 [1981]; People ex rel. Ortiz v Commissioner of N.Y. City Dept. of Correction, 253 AD2d 688, 689 [1998], affd 93 NY2d 959 [1999]; People v Williams, 123 AD3d 1152, 1153 [2014]; People v Oliphant, 117 AD3d 1085, 1086 [2014]; People v Cariola, 276 AD2d 800, 800 [2000]; People v Minor, 144 Misc 2d 846, 848 [App Term, 2d Dept, 2d & 11th Jud Dists 1989]).
Accordingly, the judgment of conviction is modified by vacating the convictions of attempted assault in the third degree, menacing in the third degree, and two counts of criminal trespass in third degree, and by providing that the counts of the accusatory instrument charging these offenses are dismissed.
Aliotta, J.P., Solomon and Elliot, JJ., concur.