The People of the State of New York, Respondent,
against
Julian S. Pellecier, Appellant.



Appeal from two judgments of the Justice Court of the Village of Southampton, Suffolk County (Michael Solomon, J.), rendered January 10, 2011. The judgments convicted defendant, after a nonjury trial, of disorderly conduct and operating a vehicle with a defective headlight, respectively.




ORDERED that the judgments of conviction are reversed, on the law and as a matter of discretion in the interest of justice, and the accusatory instruments are dismissed.
In separate accusatory instruments, defendant was charged with disorderly conduct (Penal Law § 240.20 [3]) and operating a vehicle with a defective headlight (Vehicle and Traffic Law § 375 [2] [a]).
At a nonjury trial, conducted in the Justice Court of the Village of Southampton on January 10, 2010, evidence was adduced that, during the early morning hours of May 10, 2009, a Village of Southampton police officer had observed defendant driving a Cadillac automobile on Jobs Lane. The vehicle's front headlamp was not operational. The officer stopped defendant and noticed the smell of alcohol emanating from the vehicle. Defendant had bloodshot eyes. When the officer administered standard field sobriety tests, defendant became agitated and used profanity on two occasions while two separate sets of individuals were passing by, about 30 feet away. Defendant passed the standardized field sobriety tests.
The court file contains a memorandum of law by the People, dated July 28, 2010, setting forth legal argument as to whether defendant's acts constituted disorderly conduct.
Following the trial, the Justice Court did not render a verdict until one year later, on January 10, 2011, at which time, in a five-page written decision, it found defendant guilty of both charges. In its decision, the Justice Court described the relevant facts adduced at the trial, and set forth the relevant statutory and case law. The court, among other things, indicated "that something more than a mere inconvenience of pedestrians is required to support a conviction" of disorderly conduct, and "the confrontation must be more than a private dispute between two individuals." The court determined that the People had proved "a conscious disruptive intent on the part of the defendant which created the substantial risk of public alarm required by New York case law," and that "the People have proven beyond a reasonable doubt that defendant violated Subdivision 3 of the Disorderly Conduct Statute." The court further found defendant guilty of operating a vehicle with a defective headlight pursuant to Vehicle and Traffic Law § 375 (2) (a).
On appeal, defendant claims, among other things, that the long delay between the trial and the verdict requires that the judgments be reversed and the accusatory instruments dismissed. Defendant further argues that, in any event, the disorderly conduct conviction should be reversed and the accusatory instrument charging that offense dismissed, as the evidence was legally insufficient to support that charge, and that the verdict of guilt as to that charge was against the weight of the evidence.
We note at the outset that a defendant must object to an extended delay by a court in rendering a verdict in order to preserve the issue for appellate review (see People v Francis, 189 AD2d 822, 823 [1993]; People v Woodley, 141 AD2d 587, 588 [1988]; People v Stewart, 45 Misc 3d 127[A], 2014 NY Slip Op 51454[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Leone, 42 Misc 3d 127[A], 2013 NY Slip Op 52146[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]; People v Nowakowski, 30 Misc 3d 138[A], 2011 NY Slip Op 50216[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; People v Williams, 24 Misc 3d 131[A], 2009 NY Slip Op 51358[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2009]; cf. People v Hryn, 144 AD2d 961, 961-962 [1988]; People v Chapman, 177 Misc 2d 551, 552 [App Term, 2d Dept, 9th & 10th Jud Dists 1998]). Under the circumstances presented, we review the claim here in the interest of justice.
A defendant in a nonjury trial is entitled to a verdict within a reasonable period of time (see People v South, 41 NY2d 451, 454 [1977]). What constitutes a reasonable time depends on the specific circumstances of each case. While there is no specific number of days within which a court must render its verdict, several factors are to be considered in determining whether the delay is reasonable, including whether complicated issues of fact or law were presented, whether evidentiary questions had to be resolved, whether there were contested issues of law, whether there were posttrial submissions, whether there was an oral or written verdict, and whether there were administrative impediments to the court rendering an earlier verdict (see CPL 350.10 [3] [d]; People v South, 41 NY2d at 454-455; People v Francis, 189 AD2d at 822; People v Woodley, 141 AD2d at 588).
Courts have distinguished between short, uncomplicated cases, where a lengthy delay in rendering a verdict is unreasonable (see People v Sabino, 39 Misc 3d 127[A], 2013 NY Slip Op 50417[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]; People v Morgan, 30 Misc 3d 52, 53-54 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]; People v Malone, 22 Misc 3d 65, 66 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]cr), and cases where the proceedings were lengthy, posttrial memoranda were submitted, and complex issues were raised (see People v Kramer, 50 Misc 3d 27, 29-31 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v M. Santulli, LLC, 29 Misc 3d 54, 60 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). Here, the only witness who testified was the arresting officer. The trial transcript is only 42 pages long. Although the People submitted a posttrial memorandum, the issue in this case, as formulated by the trial court, involved the relatively simple one of whether defendant's actions were sufficiently public in nature so as to constitute disorderly conduct in violation of Penal Law § 240.20 (3). Consequently, we find that the one-year delay between the end of the trial and the verdict is unreasonable (see People v Maldonado, 152 AD2d 707 [1989]).
In light of our determination, we need not pass on defendant's other contentions.
Accordingly, the judgments of conviction are reversed and the accusatory instruments are dismissed.
Marano, P.J., Garguilo and Brands, JJ., concur.
Decision Date: January 24, 2017