The People of the State of New York, Respondent,
against
Robert Izzo, Appellant.




Appellate Advocates (Anna Kou, Esq.), for appellant.
Kings County District Attorney (Leonard Joblove, Jodi L. Mandel, Daniel Berman of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Dena E. Douglas, J.), rendered October 3, 2014. The judgment convicted defendant, after a nonjury trial, of harassment in the second degree.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged with attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), menacing in the third degree (Penal Law § 120.15), and harassment in the second degree (Penal Law § 240.26 [1]). Following a nonjury trial, defendant was convicted of harassment in the second degree and acquitted of the remaining counts. 
To the extent defendant argues that his conviction was not supported by legally sufficient evidence, this claim is unpreserved for our review since defendant made only general motions to dismiss at the end of the People's case and after both sides had rested (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Finger, 95 NY2d 894, 895 [2000]). In any event, viewing the evidence in the light most favorable to the People (see People v Delamota, 18 NY3d 107, 113 [2011]; People v Acosta, 80 NY2d 665, 672 [1993]), we find that the evidence was legally sufficient to establish defendant's guilt of harassment in the second degree beyond a reasonable doubt. The evidence provided by the People demonstrated that defendant had initiated an altercation with the complainant, during which defendant, with the intent to harass, annoy or alarm the complainant, had shoved and struck the complainant, thereby subjecting him to physical contact (see Penal Law § 240.26 [1]; People v Smith, 47 Misc 3d 153[A], 2015 NY Slip Op 50816[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]).
With respect to defendant's challenge to the weight of the evidence, while defendant offered a contrary version of the incident—that it was the complainant who provoked and escalated the underlying altercation and that defendant had never shoved or struck the complainant—this created credibility issues to be resolved by the Criminal Court, which had the [*2]opportunity to view the witnesses, hear their testimony and observe their demeanor (see People v Romero, 7 NY3d 633, 644 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the trial court's credibility determinations, we are satisfied that the verdict was not against the weight of the evidence (see People v Guzman, 55 Misc 3d 151[A], 2017 NY Slip Op 50763[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; People v Shannon, 42 Misc 3d 127[A], 2013 NY Slip Op 52144[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; People v Amasifen, 41 Misc 3d 129[A], 2013 NY Slip Op 51727[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]).
Lastly, to the extent defendant argues that the verdict convicting him of harassment in the second degree is repugnant to his acquittal on the charges of attempted assault in the third degree and menacing in the third degree, this argument is unpreserved for our review, as defendant failed to move pursuant to CPL 330.30 to set aside or modify the verdict (see CPL 470.05 [2]; People v Alfaro, 66 NY2d 985, 987 [1985]). In any event, the fact that defendant was found not guilty of attempted assault in the third degree and menacing in the third degree does not warrant a reversal of his conviction of harassment in the second degree (see People v Bowen, 53 Misc 3d 149[A], 2016 NY Slip Op 51657[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; People v Kramer, 50 Misc 3d 27, 32 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Crandon, 15 Misc 3d 130[A], 2007 NY Slip Op 50659[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]; see generally People v Pirozzi, 237 AD2d 628, 631 [1997]).
Accordingly, the judgment of conviction is affirmed.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 03, 2017