The People of the State of New York, Respondent,
against
Selvyn Scott, Appellant.




Zev Goldstein, for appellant.
Orange County District Attorney (Elizabeth L. Schulz of counsel), for respondent.

Appeal from judgments of the Justice Court of the Town of Goshen, Orange County (Rory K. Brady, J.), rendered August 23, 2017. The judgments convicted defendant, after a nonjury trial, of driving while ability impaired, operating a motor vehicle with a broken windshield, and speeding, respectively, and imposed sentences.




ORDERED that the judgments of conviction are affirmed.
Following a nonjury trial, defendant was convicted of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), operating a motor vehicle with a broken windshield (Vehicle and Traffic Law § 375 [22]), and speeding (Vehicle and Traffic Law § 1180 [d]). The sole issue raised on appeal is whether the verdicts were rendered (see CPL 350.10 [3] [d]) within a reasonable time as required by People v South (41 NY2d 451 [1977]).
In the case at bar, a one-day trial was held on March 23, 2017, during which defendant and two police officers testified. The Justice Court took 14 pages of handwritten notes during the trial. Following the conclusion of the trial, the Justice Court stated that it would issue its decision following a review of the trial transcript, and adjourned the case to May 24, 2017. The verdicts were not rendered on May 24th, and when the court informed the parties that it would mail the decision to them, defense counsel stated that the verdicts should be rendered in open court, and the case was then adjourned to June 28, 2017. On June 28th, defense counsel was engaged elsewhere and was unavailable to appear in court, whereupon the Justice Court, which [*2]had written its decision, adjourned the case to August 9, 2017 and mailed the decision to the defense. After receiving the decision by mail, in July 2017, defense counsel submitted a posttrial motion to dismiss the accusatory instruments on the ground that the verdicts were not rendered within a reasonable period of time as required by People v South (id.). On August 9th, defense counsel was again engaged elsewhere and was unavailable to appear in court. The Justice Court denied defendant's posttrial motion to dismiss, and the case was adjourned to August 23, 2017. On August 23rd, both parties were present in court, the Justice Court rendered its verdicts convicting defendant of all charges, and defendant was sentenced.
CPL 350.10 (3) (d) provides that, in a single-judge trial in a local criminal court of, among other things, simplified informations (see CPL 340.10 [1]), after the introduction of evidence and the summations, if any, "the court must then consider the case and render a verdict." Although "[t]here is no specific number of days within which a court must render its verdict" (People v Santana, 232 AD2d 663, 663 [1996]), the Court of Appeals has indicated that it "must be rendered within a reasonable time" (People v South, 41 NY2d at 454). The determination as to whether a delay is unreasonable "turn[s] largely on the circumstances of the individual case" (id.), "the most salient of which are whether the court issues a written decision, the complexity of the issues of fact and law, and the nature and quantity of the evidence to be reviewed" (People v Morgan, 30 Misc 3d 52, 53 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). 
A review of the record indicates that the 56 days of delay from June 28, 2017 (on which date the Justice Court adjourned the case due to defense counsel's nonappearance and mailed counsel a notice of the adjournment which included a copy of its written decision after trial setting forth that he found defendant guilty of all charges) to August 23, 2017 (when the court rendered the verdicts in open court), was caused by defense counsel's unavailability. The 97 days of delay from the end of the trial on March 23, 2017 until June 28th was caused by the Justice Court's desire to order and review the trial transcripts, as well as its need for "time to reconcile the conflicting testimony of the witnesses" in regard to whether defendant, who admitted to having consumed alcoholic beverages, had been driving while his ability was impaired. Considering the circumstances of this case (see People v South, 41 NY2d at 454), we find that the delay was not unreasonable.
Accordingly, the judgments of conviction are affirmed. 
BRANDS, J.P., MARANO and TOLBERT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 27, 2018