The People of the State of New York, Respondent,
against
Ronald Ransom, Appellant.




Ronald Ransom, appellant pro se.
Hempstead Village Prosecutor's Office, for respondent (no brief filed).

Appeal from a judgment of the Justice Court of the Village of Hempstead, Nassau County (Miguel A. Alvarado, J.), rendered December 30, 2015. The judgment convicted defendant, after a nonjury trial, of failing to remove snow, and imposed sentence.




ORDERED that the judgment of conviction is reversed, on the law and as a matter of discretion in the interest of justice, the accusatory instrument is dismissed, and the fine, if paid, is remitted.
Defendant was charged with failing to remove snow, in violation of Village of Hempstead Code § 78-7 (B) (4). On July 8, 2014, this matter went to a nonjury trial, which was conducted immediately prior to defendant's trial in another matter (see People v Ransom, ___ Misc 3d ___, 2019 NY Slip Op _____ [appeal No. 2016-416 N CR], decided herewith). The two trials together took a little over 2¼ hours to complete, resulting in a single 76-page transcript. The Justice Court reserved decision and, 540 days later, on December 30, 2015, issued a written decision convicting defendant of the code violation. 
On appeal, defendant claims, among other things, that the 540-day delay between the trial [*2]and the verdict requires that the judgment be reversed and the accusatory instrument dismissed. We agree.
"A defendant in a nonjury trial is entitled to a verdict within a reasonable time" (People v Pellecier, 54 Misc 3d 137[A], 2017 Slip Op 50132[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2017], citing People v South, 41 NY2d 451, 454 [1977]). "What will be 'reasonable' must, of course, turn largely on the circumstances of the individual case. There will come a point, however, beyond which delay becomes unreasonable as a matter of law" (South, 41 NY2d at 454). 
In this case, neither in its written decision convicting defendant, nor in its return on appeal in response to defendant's affidavit of errors, did the Justice Court provide an explanation for its nearly 18-month delay in issuing its verdict convicting defendant of violating a local village code. Further, this court can discern no such explanation from the record, as "there were no complicated issues [and] no posttrial submissions or administrative impediments to the prompt rendering of a verdict" (People v Chapman, 177 Misc 2d 551, 552 [App Term, 2d Dept, 9th & 10th Jud Dists 1998]). Although defendant in this case did not "object[] to a reasonable adjournment when the court below informed him it would reserve decision and mail it to him, it is implausible that defendant would consent to a[ 540]-day delay on such a simple case" (id.). Under the circumstances, we find the 540-day delay to be unreasonable (see e.g. South, 41 NY2d 451 [58-day delay]; Pellecier, 54 Misc 3d 137[A], 2017 Slip Op 50132[U] [one-year delay]; People v McDermott, 15 Misc 3d 138[A], 2007 Slip Op 50941[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007] [237-day delay]).
In light of our determination, we need not pass on defendant's other contentions.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
ADAMS, P.J., GARGUILO and RUDERMAN, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 02, 2019