The People of the State of New York, Respondent,
against
Charlotte Amakye, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Harold Adler, J.), rendered March 26, 2014, after a nonjury trial, convicting her of attempted third degree assault, attempted child endangerment, menacing in the third degree, and harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Harold Adler, J.), rendered March 26, 2014, modified, on the law, to vacate defendant's conviction of menacing in the third degree and to dismiss the count of the accusatory instrument relating thereto and, as modified, affirmed.
Defendant was charged with various crimes arising out of an altercation with her neighbor. The information alleged that while complainant was carrying her eleven month old daughter, defendant "scratched" complainant's cheeks "with her nails," and "pulled at" complainant's necklace and dress, causing the necklace to break and the dress strap to tear. At the nonjury trial, defendant testified that she acted in self defense, but her trial counsel did not ask for a justification charge. Defendant's present contention that this oversight deprived her of effective assistance of counsel is unavailing in the particular context of this nonjury trial (see People v Ellison, 106 AD3d 419, 420 [2013], lv denied 21 NY3d 1004 [2013]).
While a single error can constitute ineffective assistance of counsel, the error must be sufficiently egregious and prejudicial as to compromise a defendant's right to a fair trial (see People v Caban, 5 NY3d 143, 152 [2005]; People v Samuels, 143 AD3d 401, 402 [2016]). Such is not the situation here, since the trial judge, as trier of fact, is presumed to have decided the case "based upon appropriate legal criteria" (People v Moreno, 70 NY2d 403, 406 [1987]) and was not required to "formally 'charge' or announce the applicability of any particular legal principles" (People v Cabrera, 137 AD3d 707, 708 [2016], lv denied 27 NY3d 1129 [2016]; see People v Wachulewicz, 295 AD2d 169, 170 [2002], lv denied 98 NY2d 732 [2002]; People v Tunstall, 167 AD3d 493 [2018], lv denied 32 NY3d 1210 [2019]). Inasmuch as the record shows that the court was well aware that defendant claimed that her actions were justified and that she struck the complainant in self-defense, defense counsel's failure to request that the court charge itself that the People must disprove the justification defense beyond a reasonable doubt does not require an inference that the court failed to apply the correct general standards for evidentiary sufficiency (see e.g. People v Herbin, 61 Misc 3d 150[A], 2018 NY Slip Op 51755[U][App Term, 2d Dept, [*2]2d, 11th & 13th Jud Dists 2018], lv denied 33 NY3d 1032 [2019]).
With respect to the third-degree menacing charge, we agree with defendant that the accusatory instrument was jurisdictionally defective, since it failed to allege any threatening behavior by the defendant "before, after, or otherwise separate" (Matter of Shenay W., 68 AD3d 576 [2009]) from the "scratch[ing]" of complainant's cheeks and the "pull[ing]" of complainant's necklace and dress (see Matter of Angel C., 93 AD3d 602, 603 [2012]; see also William C. Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 120.15).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 30, 2019