People v Burden (2021 NY Slip Op 50712(U))

[*1]

People v Burden (Timothy)

2021 NY Slip Op 50712(U) [72 Misc 3d 134(A)]

Decided on July 22, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 22, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, HELEN
VOUTSINAS, JJ

2020-187 S CR

The People of the State of New York,
Respondent, 
against
Timothy Burden, Appellant. 

Raymond Negron, for appellant.
Richard M. Harris, for respondent.

Appeal from a judgment of the Justice Court of the Village of Port Jefferson, Suffolk County
(Tara M. Higgins, J.), rendered November 12, 2019. The judgment convicted defendant, after a
nonjury trial, of committing a disorderly act in violation of Code of the Village of Port Jefferson
§ 181-6.

ORDERED that the judgment of conviction is reversed, on the law and as a matter of
discretion in the interest of justice, the accusatory instrument is dismissed, and the fine, if paid, is
remitted.
Defendant was charged in an accusatory instrument with violating Code of the Village of
Port Jefferson § 181-6 (disorderly act). A straightforward, nonjury trial was conducted on
November 13, 2018, lasting only an hour and 12 minutes, in which four witnesses testified and
no nontestimonial evidence was submitted. The court announced that it was reserving decision.
Almost one year later, on October 21, 2019, the court issued a written verdict finding defendant
guilty of committing a disorderly act. On November 12, 2019, the court sentenced defendant to
pay a $250 fine.
" 'A defendant in a nonjury trial is entitled to a verdict within a reasonable time' " (People v Ransom, 63 Misc 3d
145[A], 2019 NY Slip Op 50670[U], *1[App Term, 2d Dept, 9th & 10th Jud Dists
2019], quoting People v Pellecier,
54 Misc 3d 137[A], 2017 NY Slip Op 50132[U], *1 [App Term, 2d Dept, 9th & 10th
Jud Dists 2017]). In this case, the Justice Court failed to render its verdict until 342 days after
conducting a bench trial lasting barely over an hour, and [*2]this
court can discern no excuse or explanation for this nearly one-year delay, as " 'there were no
complicated issues [and] no posttrial submissions or administrative impediments to the prompt
rendering of a verdict' " (Ransom, 63 Misc 3d 145[A], 2019 NY Slip Op 50670[U], *1,
quoting People v Chapman, 177 Misc 2d 551, 552 [App Term, 2d Dept, 9th & 10th
Jud Dists 1998]).
Defendant's appellate argument on this issue is unpreserved, as defendant did not object "to a
reasonable adjournment when the court below informed him it would reserve decision and mail it
to him" (Chapman, 177 Misc 2d at 552; see Matter of Dania W., 65 AD3d 1356, 1356 [2009]; People v
Francis, 189 AD2d 822, 823 [1993]; People v Andrews, 102 AD2d 894, 894 [1984]).
However, this court also has consistently found delays in rendering a verdict approximately equal
to, or even significantly less than, the delay in the instant case, after an uncomplicated nonjury
trial, to be grounds for reversal of the judgment of conviction and dismissal of the accusatory
instrument, even where preservation was absent (see e.g. Pellecier, 54 Misc 3d 137[A],
2017 NY Slip Op 50132[U] [one-year delay]; People v Sabino, 39 Misc 3d 127[A], 2013
NY Slip Op 50417[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013] [79-day delay]; People v Morgan, III, 30 Misc 3d
52 [App Term, 2d Dept, 9th & 10th Jud Dists 2010] [72-day delay]; People v
Roberti, 27 Misc 3d 77 [App Term, 2d Dept, 9th & 10th Jud Dists 2010] [151-day
delay]; People v Malone, 22 Misc
3d 65 [App Term, 2d Dept, 9th & 10th Jud Dists 2009] [42-day delay]; People v McDermott, 15 Misc 3d
138[A], 2007 NY Slip Op 50941[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]
[237-day delay]; People v Plaza, 175 Misc 2d 277 [App Term, 2d Dept, 9th & 10th
Jud Dists 1998] [76-day delay]; Chapman, 177 Misc 2d 551 [84-day delay]). We see no
reason to treat this case differently.
In light of the foregoing, defendant's other contentions are rendered academic and we do not
pass upon them.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is
dismissed.
EMERSON, J.P., GARGUILO and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 22, 2021